1   Ryan L. Werner (State Bar No. 112181)
    Pennington Lawson LLP
2   4 Embarcadero Center, Suite 1400
    San Francisco, CA  94111
3   Tel: (415) 484-4343

4   Attorneys for Plaintiff,
    LENNAR MARE ISLAND, LLC
5

6   W. David Campagne, (State Bar No. 111372)
    dcampagne@spcclaw.com
7   Blaise S. Curet (State Bar No. 124983)
    bcuret@spcclaw.com
8   Stephen R. Wong (State Bar No. 186187)
    swong@spcclaw.com
9   SINNOTT PUEBLA CAMPAGNE & CURET, APLC
    555 Montgomery Street, Suite 720
10  San Francisco, CA 94111
    Direct dial: 415-352-6212
11
    Attorneys for Defendant, Counterclaimant and
12  Counterdefendant Steadfast Insurance Company

13

14                  UNITED STATES DISTRICT COURT

15                EASTERN DISTRICT OF CALIFORNIA

16                     SACRAMENTO DIVISION

17

18  LENNAR MARE ISLAND, LLC,              CASE No. 2:12-cv-02182-KJM-KJN

19              Plaintiff,                STIPULATION TO FILING OF FIRST
         vs.                              AMENDED COMPLAINT
20  STEADFAST INSURANCE COMPANY,          [PROPOSED] ORDER

21              Defendant.

22  ─────────────────────────────────

23  AND RELATED COUNTERCLAIMS.

24

25          Plaintiff and Counterdefendant Lennar Mare Island, LLC ("LMI") and Defendant,

26  Counterclaimant and Counterdefendant Steadfast Insurance Company ("Steadfast") hereby stipulate

27  that:

28

────────────────────────────────────────────────────────────

1.  LMI may file the "First Amended Complaint For Damages, Punitive Damages And Declaratory Relief" attached hereto as Exhibit "A," such filing to be effective January 14, 2013; and,

2.  Steadfast's answer to plaintiff's original complaint, filed on August 27, 2012, may serve as Steadfast's answer to plaintiff's First Amended Complaint; however, at its election Steadfast may file an answer to the First Amended Complaint.

Date:  January 14, 2013                    PENNINGTON LAWSON LLP


By:   /s/ Ryan L. Werner
      _____
             Ryan L. Werner

Attorneys for Plaintiff, Lennar Mare Island, LLC

Date: January 14, 2013                     SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC


By: _____
             W. David Campagne

Attorneys for Defendant, Counterclaimant and
Counterdefendant Steadfast Insurance Company


[PROPOSED] ORDER

It is so ordered.

Date: January _____, 2013          _____
                                      Kimberly J. Mueller
                                      United States District Judge

EXHIBIT A

1   Ryan L. Werner (State Bar No. 112181)
     Pennington Lawson LLP
2   4 Embarcadero Center, Suite 1400
     San Francisco, CA  94111
3   Tel: (415) 484-4343

4   Attorneys for Plaintiff,
     LENNAR MARE ISLAND, LLC

5

6

7

8                   UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10                   SACRAMENTO DIVISION

11

12   LENNAR MARE ISLAND, LLC,        CASE No. 2:12-cv-02182-KJM-KJN

13          Plaintiff,          [PROPOSED] FIRST AMENDED
        vs.                     COMPLAINT FOR DAMAGES, PUNITIVE
                            DAMAGES AND DECLARATORY RELIEF

14   STEADFAST INSURANCE COMPANY,

15          Defendant.

16

17   AND RELATED COUNTERCLAIMS.

18

19        1.     Plaintiff, Lennar Mare Island, LLC ("LMI"), is a California limited liability company

20   with its principal place of business in Vallejo, California.

21        2.     Defendant Steadfast Insurance Company ("Steadfast") is a Delaware corporation with

22   its principal place of business in Schaumburg, Illinois.

23        3.     From 1852 until 1996, Mare Island, in the City of Vallejo, California, was the site of

24   a United States Navy ("Navy") base known as the Mare Island Naval Shipyard.  During its 144 year

25   history, the shipyard was the site of extensive shipbuilding and ship repair and refitting operations.

26   The Navy's operations resulted in environmental contamination of certain sites on Mare Island.

27        4.     In 1996 the Navy closed Mare Island Naval Shipyard.  In 2002 the Navy conveyed to

28   the City of Vallejo title to approximately 650 acres of Mare Island known as the Eastern Early

PENNINGTON | LAWSON

1 | Transfer Parcel, so that the city could begin redeveloping Mare Island for civilian residential and

2 | commercial uses.

3 |      5.     In conjunction with the transfer of title, the Navy and the City of Vallejo entered into

4 | an Environmental Services Cooperative Agreement, pursuant to which the Navy agreed to pay for,

5 | and the City of Vallejo agreed to perform, environmental remediation on the Eastern Early Transfer

6 | Parcel that was otherwise the Navy's legal obligation to perform.

7 |      6.     The City of Vallejo entered into contemporaneous agreements with LMI pursuant to

8 | which City of Vallejo then conveyed title to the Eastern Early Transfer Parcel to LMI and LMI

9 | agreed to undertake certain responsibilities related to the environmental remediation required under

10 | the Environmental Services Cooperative Agreement.

11 |      7.     LMI then entered into a contract with CH2M Hill Constructors, Inc. ("CH2M")

12 | known as the Guaranteed Fixed Price Contract.  The Guaranteed Fixed Price Contract required,

13 | among other things, that CH2M remediate all known pollution conditions in the Eastern Early

14 | Transfer Parcel, as defined in detailed documentation attached to that agreement.

15 |      8.     In order to protect against the risk that the required remediation work might be more

16 | costly or more extensive than originally anticipated, LMI and CH2M obtained an insurance program

17 | from Steadfast that included two simultaneously issued manuscript policies: one known as a

18 | Remediation Stop Loss insurance policy, no. ERC 5224884-00 (the "RSL" policy); and the other

19 | known as an Environmental Liability Insurance policy, no. REL 5224850-00 (the "ELI" policy).

20 |      9.     The RSL policy was designed to protect against the risk of increased cost in CH2M's

21 | work remediating known pollution conditions.  As relevant here, the RSL policy provided in

22 | substance that to the extent CH2M's actual costs for performing the work required by the

23 | Guaranteed Fixed Price Contract exceeded $57,500,176, Steadfast would pay up to an additional

24 | $57,500,176 for claims made during the policy period for expenses required to complete that work.

25 |      10.     The RSL policy also provided, in substance, that Steadfast would adjust claims made

26 | under the policy in a timely manner so as to prevent delays or interruptions in CH2M's performance

27 | of the Guaranteed Fixed Price Contract.

28 | //

PENNINGTON | LAWSON

11.     The ELI policy was designed to protect against the risk that the Eastern Early Transfer Parcel contained pollution conditions that were unknown, and therefore not within the scope of work paid for as a part of the Guaranteed Fixed Price Contract and insured under the RSL policy.

12.     As relevant here, the ELI policy provided in substance that Steadfast would pay LMI for the cost of cleanup required by governmental authorities for unknown pollution conditions discovered in the Eastern Early Transfer Parcel during the policy period.

13.     When the RSL policy and the ELI policy were issued, it was the intent of Steadfast, LMI and CH2M that these policies would provide a comprehensive program of insurance against costs incurred above and beyond the Guaranteed Fixed Price Contract price for cleaning up pollution in the Eastern Early Transfer Parcel and that, subject to all of the terms of the policies, if a claim for pollution cleanup were not covered under one of these policies it would be covered under the other.

FIRST CLAIM FOR RELIEF

(Intentional Interference with Contract)

14.     LMI incorporates the allegations of paragraphs 1-13 as if set forth here in full.

15.     Steadfast issued both the RSL and the ELI policies in contemplation of the existence of the Guaranteed Fixed Price Contract between LMI and CH2M, and therefore was aware of the existence of the contractual relationship between LMI and CH2M.

16.     Steadfast deliberately and wrongfully delayed processing of claims that CH2M made under the RSL policy.  Based upon its communications with CH2M and Steadfast, LMI is informed and believes that the delays in processing CH2M's claims were effected by, without limitation, repeatedly asking CH2M for additional information, groundlessly disputing the details of technical and scientific information that CH2M provided to it, groundlessly disputing the details of amounts claimed by CH2M as covered expenses, and groundlessly delaying or refusing payment to CH2M of amounts undisputedly due for claims that Steadfast acknowledged were covered under the policy.

17.     In particular, Steadfast refused to pay approximately $1,000,000 in expenses CH2M had claimed under the RSL policy for cleanup of lead pollution at a site known as Building 206/208,

or any part of those expenses, even though Steadfast repeatedly acknowledged that the claim was covered under the RSL policy.

18.     Steadfast knew its actions interfered with the contractual relationship between LMI and CH2M, or knew that interference with the Guaranteed Fixed Price Contract was substantially certain to occur as a necessary consequence of their actions.

19.     As a result of Steadfast's actions, CH2M stopped work it was performing for LMI pursuant to the Guaranteed Fixed Priced Contract cleaning up lead contamination at Building 206/208, and refused to perform further work it was contractually obligated to perform for LMI at that site.

20.     As a result of this disruption of its contractual relationship with CH2M, LMI has been damaged in an amount to be proven at trial, including but not limited to costs it has incurred and will incur to complete the cleanup, and profits it has lost as a result of delay in returning the property to productive economic use.

21.     In taking these actions Steadfast acted with oppression, fraud or malice such as entitles LMI to punitive damages.

Wherefore plaintiff prays for relief as set forth below.


SECOND CLAIM FOR RELIEF

(Breach of Contract)

22.     LMI incorporates the allegations of paragraphs 1-13 as if set forth here in full.

23.     LMI has tendered claims to Steadfast under the ELI policy for costs of cleaning up pollution at sites in the Eastern Early Transfer Parcel known as Building 206/208, Building 84, Building 386, Building 971, Building 116, and Building 688 Pits.

24.     The pollution discovered at each of these sites was an unknown condition within the meaning of the ELI policy, was discovered and tendered to Steadfast during the ELI policy period, and is otherwise within the scope of matters insured by the ELI policy.

25.     Although these claims are covered under the terms of the ELI policy, Steadfast has refused to pay these claims, in breach of its obligations under the policy.

26.     As a result of Steadfast's breach of contract, LMI has been damaged in an amount to be proven at trial, including costs that it has incurred and will incur for remediation of the unknown pollution discovered at these sites.

Wherefore plaintiff prays for relief as set forth below.

THIRD CLAIM FOR RELIEF

(Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing)

27.     LMI incorporates the allegations of paragraphs 1-13, 15-17, and 23-25 as if set forth here in full.

28.     The RSL policy and the ELI policy each contain a covenant of good faith and fair dealing, implied as a matter of law, that no party will do anything to deprive the other party of the benefits of the agreement.  Included in each of these implied covenants is an obligation on Steadfast's part to investigate and respond to claims promptly, diligently, and fairly, giving as much consideration to the interests of its insureds as it gives to its own interests, to accept or deny coverage promptly, and to pay claims promptly.

29.     In adjusting these claims under the RSL policy and the ELI policy Steadfast breached the implied covenant of good faith and fair dealing by, without limitation: failing to respond to or investigate claims promptly; failing to investigate claims fairly; giving greater consideration to its own interests than to the interests of its insured; taking positions unsupported by policy language or law; failing to acknowledge or deny coverage promptly; failing to pay claims promptly; and by denying claims under the ELI policy on grounds that they were covered under the RSL policy but then refusing to pay them under the RSL policy or contending that the claims were no longer compensable under the RSL  policy because the RSL policy limits were exhausted or because the RLS policy had expired.

30.     As a result of Steadfast's actions LMI has been damaged in that its remediation contractor, CH2M was not paid under the RSL policy for its work cleaning up known pollution in the Eastern Early Transfer Parcel, thereby causing it to stop and to refuse to perform work it was obligated to perform for LMI; LMI's cost of cleaning up known pollution conditions in the Eastern

Early Transfer Parcel have increased; and, LMI's redevelopment of the Eastern Early Transfer Parcel has been delayed, all in amounts to be proven at trial.

31.     As a result of Steadfast's actions LMI has also been damaged in that it has not received payments due to it under the ELI policy, driving up its cleanup costs, delaying its redevelopment of the Eastern Early Transfer Parcel, and causing it to incur attorney's fees to obtain benefits due to it under the ELI policy, all in amounts to be proven at trial.

32.     In taking these actions Steadfast acted with oppression, fraud or malice such as entitles LMI to punitive damages.

Wherefore plaintiff prays for relief as set forth below.

FOURTH CLAIM FOR RELIEF

(Declaratory Relief)

33.     LMI incorporates the allegations of paragraphs 1-13 as if set forth here in full.

34.     An actual controversy currently exists between LMI and Steadfast as to their respective rights and liabilities under the ELI policy.  LMI has tendered claims to Steadfast for costs of cleaning up pollution at sites in the Eastern Early Transfer Parcel known as Building 206/208, Building 84, Building 386, Building 971, Building 116, Building 688 Pits, and Domestic Waste Pumping Station #6, and contends that these claims are covered under the ELI policy and that Steadfast is obligated to pay benefits under the policy with respect to these claims.  Steadfast contends that these claims are not covered under the ELI policy or that these claims fall within the scope of settlements between the parties on other claims and that it has no obligation under the policy to pay any benefits with respect to these claims.

35.     A judicial determination of the parties' rights and liabilities with respect to these claims is necessary and appropriate.

Wherefore plaintiff prays for relief as set forth below.

PENNINGTON | LAWSON

1

## PRAYER FOR RELIEF

2   LMI prays that the court award it relief as follows:

3      1.  Damages in an amount to be proven at trial;

4      2.  Punitive damages;

5      3.  A declaration of this court that, pursuant to the terms of the ELI policy, Steadfast is

6          obligated to pay LMI the cost of environmental remediation at the sites known as

7          Building 206/208, Building 84, Building 386, Building 971, Building 116, Building 688

8          Pits, and Domestic Waste Pumping Station #6; and,

9      4.  Such other and further relief as the court may deem just.

10

11   Date:  January 14, 2013              PENNINGTON LAWSON LLP

12

13                           By: _____

14                                Ryan L. Werner

15                           Attorneys for Plaintiff, Lennar Mare Island, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE

I am over the age of 18 and not a party to this action.  My business address is Four Embarcadero Center, Suite 1400, San Francisco, CA 94111.  On January 14, 2013, I served true copies of the following documents:

STIPULATION TO FILING OF FIRST AMENDED COMPLAINT; [PROPOSED] ORDER on the parties in this action as follows:

W. David Campagne, Esq.
Blaise S. Curet, Esq.
Stephen R. Wong, Esq.
Sinnott, Puebla, Capagne & Curet, APLC
555 Montgomery Street, Suite 720
San Francisco, CA 94111-3910

Deborah S. Ballati, Esq.
Amanda D. Hairston, Esq.

Farella Braun + Martell LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104

Attorneys for Steadfast Insurance Company

Attorneys for CH2M Hill Constructors, Inc.

__X__   by CM/ECF Notice of Electronic Filing: I electronically filed the document(s) with the Clerk of the Court by using the C/ECF system for electronic service on participants in the case who are registered CM/ECF users.

_____   by first class United States mail, by placing it in a sealed envelope with postage fully prepaid and

_____   depositing it in the U.S. mail.

_____   placing it for collection and mailing in accordance with ordinary business practices in my workplace.  I am familiar with those practices, which are that in the ordinary course of business correspondence placed for collection and mailing is deposited with the U.S. Postal Service on the same day.

_____   by hand delivery.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true of my personal knowledge.

Dated:  January 14, 2013            /s/ Ryan L. Werner

STIPULATION TO FILING OF FIRST AMENDED COMPLAINT
CASE NO. 2:12-CV-02182-KJM-KJN