UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENNAR MARE ISLAND, LLC, | No. 2:12-cv-02182-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| STEADFAST INSURANCE COMPANY, et al., | |
| Defendants. | |

On September 11, 2013, defendant and counter-claimant Steadfast Insurance Company ("Steadfast") filed its Notice of Motion For Relief From Presumptive Discovery Limits For Depositions, and the parties filed their related Joint Statement and supporting declarations on November 14, 2013.[1] (ECF Nos. 43-45, 66.) On October 29, 2013, plaintiff and counter-defendant Lennar Mare Island ("LMI") filed its Notice of Motion for Relief from Discovery Limitations Re: Interrogatories, and the parties filed their related Joint Statement and supporting declarations on November 14, 2013. (ECF Nos. 58, 66.)

Both matters came on for hearing on November 21, 2013. (ECF No. 70.) Attorney Ryan Werner appeared on behalf of LMI. Attorney David Campagne appeared on behalf of Steadfast.

---

[1] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1).

Attorney Amanda Hairston appeared on behalf of counter-defendant and counter-claimant CH2M Hill Constructors, Inc. ("CCI").

For all the reasons discussed on the record during the hearing, it is HEREBY ORDERED THAT:

1. Steadfast's Motion For Relief From Presumptive Discovery Limits For Depositions (ECF Nos. 43-44, 66) is granted in part, and denied in part without prejudice as follows:

    a. The presumptive 7-hour limit for depositions shall be extended to a 14-hour limit for the following four witnesses: Mr. Sheaff, Mr. Siler, Ms. Pennington, and Ms. Roebuck.  If necessary, the parties may stipulate to further extending the 14-hour limit for these deponents.  Absent such stipulation, the court will entertain a motion requesting further extensions for these and/or other deponents.

    b. Steadfast has not yet shown that deposing in excess of the presumptive limit of 10 depositions per party is necessary, especially given that no depositions have yet occurred in this case.[2]  However, Steadfast may well make such a showing in the future, perhaps after depositions have commenced, such that the denial of Steadfast's request is without prejudice at this time.

    c. Given the breadth of this case, however, **on or before noon on December 18, 2013**, the parties shall submit a Joint Statement, no longer than five pages, consisting of a jointly-prepared list of each of Steadfast's proposed deponents, a *brief* description of the reasons Steadfast seeks to depose each proposed deponent, and the likely topics of each proposed deponent's knowledge.  ***The list must also include LMI's position as to each proposed deponent.***  For each proposed deponent, LMI shall also state whether it agrees that such individual

---

[2] The undersigned notes that a motion for partial summary judgment and a motion to sever — both of which may directly impact the scope of necessary discovery — are both currently pending before the assigned district judge.  (ECF Nos. 51, 41.)

2

       should be deposed, whether it believes that such individual would give only duplicative testimony or otherwise be unnecessary (perhaps given a willingness to stipulate to facts that would obviate the need for the proposed deponent's testimony), and/or whether and why LMI believes it would be premature to agree to depose such individual at this time.

   d. The parties shall appear telephonically[3] at a hearing at **10:00 a.m. on December 20, 2013,** and should be prepared to discuss the list of proposed deponents, and to what extent the list should exceed the 10-deposition limit, and those proposed deponents they have not been able to reach an agreement upon.

2. As to LMI's Motion for Relief from Discovery Limitations Re: Interrogatories (ECF Nos. 58, 66), the motion is granted in part and denied in part as follows:

   a. While some additional interrogatories may be appropriate in this case, LMI's proposed additional "state all facts" interrogatory (Interrogatory No. 6) targets every single Request For Admission ("RFA") that Steadfast did not unequivocally admit, thereby promulgating more than one hundred additional interrogatories and sweeping too broadly. Accordingly, LMI shall reexamine Steadfast's responses to the RFAs and shall *narrow the scope of Interrogatory No. 6 such that it targets <u>fewer than all</u> RFAs that Steadfast "did not unequivocally admit."*

      i. For instance, where Steadfast responded to certain RFAs by stating an inability to admit or deny due to a lack of knowledge/facts, LMI should exclude these RFA responses from the scope of those targeted by Interrogatory No. 6. During the hearing, LMI also indicated that it was amenable to further narrowing the breadth of Interrogatory No. 6 by

---

[3] At **least 7 days prior to the hearing**, counsel for each party shall contact the undersigned's courtroom deputy, Matt Caspar, at (916) 930-4187, so as to confirm which phone numbers the court should call when connecting the telephonic hearing.

excluding RFA responses pertaining to the issue of Government Authority, as well as excluding other RFA responses for which LMI does not truly need a "state all facts" response from Steadfast. Accordingly, LMI shall draft a *narrowed list* specifically identifying which specific RFA responses it seeks to follow up upon through its Interrogatory No. 6.

    ii. Within **7 days of the date of issuance of this order**, LMI shall provide Steadfast with the above-described narrowed list.

b. Upon receipt of LMI's above-described narrowed list, Steadfast shall promptly begin preparing its responses to LMI's narrowed Interrogatory No. 6. However, if Steadfast finds that parts of LMI's narrowed list are overreaching or that Steadfast cannot reasonably respond to the "state all facts" interrogatory even as limited by LMI pursuant to the foregoing, *and* if the parties are unable to resolve the issue following good faith meet and confer efforts, **on or before December 18, 2013**, the parties shall submit a three-page Joint Statement describing the dispute. The court will take up the matter at the telephonic hearing already scheduled for **December 20, 2013, at 10:00 a.m.**

IT IS SO ORDERED.

Dated: November 25, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE