UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENNAR MARE ISLAND, LLC,<br><br>            Plaintiff,<br><br>     v.<br><br>STEADFAST INSURANCE COMPANY, and Does 1 through 10,<br><br>            Defendants. | No. 2:12-CV-02182-KJM-KJN<br><br><br>ORDER |
| STEADFAST INSURANCE COMPANY,<br><br>            Counterclaimant,<br><br>     v.<br><br>LENNAR MARE ISLAND, LLC; CH2M HILL CONSTRUCTORS, INC., and DOES 1 through 10,<br><br>            Counterdefendants. | |
| CH2M HILL CONSTRUCTORS, INC.,<br><br>            Counterclaimant,<br><br>     v.<br><br>STEADFAST INSURANCE COMPANY,<br><br>            Counterdefendant. | |

1

1    This matter is before the court on the motion to sever by plaintiff Lennar Mare Island, LLC ("LMI").  (ECF 41.)  LMI seeks an order severing all claims between defendant Steadfast Insurance Company ("Steadfast") and CH2M Hill Constructors, Inc. ("CH2M").  (*Id.* at 1.)  Steadfast and CH2M oppose the motion.  (CH2M's Opp'n, ECF 61; Steadfast's Opp'n, ECF 62.)  The court decided the matter without a hearing.  As explained below, the court DENIES the motion to sever.

I.     RELEVANT BACKGROUND

     A.     PROCEDURAL BACKGROUND

On June 22, 2012, LMI filed a complaint against Steadfast in the Solano County Superior Court alleging four causes of action: (1) intentional interference with contract; (2) breach of contract; (3) tortious breach of the implied covenant of good faith and fair dealing; and (4) declaratory relief.  (Def.'s Notice of Removal, Ex. A at 1-6, ECF 1.)  On August 21, 2012, Steadfast removed the case to this court.  (ECF 1.)  On August 27, 2012, Steadfast filed an answer.  (Def.'s Answer Compl., ECF 4.)  On the same day, Steadfast also filed a counterclaim against LMI and an additional party, CH2M, for declaratory relief.  (Def.'s Countercl. at 4, ECF 5.)  On September 14, 2012, LMI filed its answer to Steadfast's counterclaim.  (Pl.'s Answer Countercl., ECF 10.)  On October 17, 2012, CH2M filed its answer to Steadfast's counterclaim and its own counterclaim against Steadfast for: (1) breach of contract; (2) declaratory relief; and (3) tortious breach of the implied covenant of good faith.  (CH2M's Answer & Countercl., ECF 12.)  Steadfast filed its answer to CH2M's counterclaim on December 3, 2012.  (Def.'s Answer Countercl., ECF 15.)

On January 17, 2013, LMI amended its original complaint alleging the same causes of action as in the original complaint.  (Pl.'s First Am. Compl. ("FAC"), ECF 22.)  Steadfast filed its answer to LMI's first amended complaint on January 31, 2013.  (Def.'s Answer First Am. Compl., ECF 26.)  Finally, on September 10, 2013, LMI filed the instant motion to sever all of the claims between Steadfast and CH2M.  (ECF 41.)

/////

/////

B. RELEVANT FACTUAL BACKGROUND

The claims in this case arise out of pollution cleanup at the former Mare Island Naval Shipyard ("Shipyard") in Vallejo, California. (ECF 41 at 2.) In April 2001, LMI and CH2M entered into a contract known as the Guaranteed Fixed Price Contract, according to which CH2M agreed to provide certain environmental services related to the remediation of contamination at the Shipyard. (ECF 26 ¶ 7; ECF 5 ¶ 8). LMI and CH2M then obtained an insurance program from Steadfast, according to which Steadfast issued two insurance policies: Remediation Stop Loss insurance policy ("RSL") and Environmental Liability insurance policy ("ELI"). (ECF 26 ¶ 8.) At the time of the issuance, Steadfast was aware of the contractual relationship between LMI and CH2M and issued both of the policies in contemplation of that relationship. (*Id.* ¶ 15.)

Currently, an actual controversy exists between LMI, CH2M, and Steadfast as to their obligations and rights under the ELI and RSL policies. (FAC ¶ 34; ECF 26 ¶ 34; ECF 5 ¶ 15; ECF 12 ¶ 15.) Specifically, LMI has tendered claims to Steadfast for costs of cleaning up pollution at various sites, but Steadfast contends that it is not obligated to pay for those claims under the ELI policy. (FAC ¶ 34; ECF 26 ¶ 34.) CH2M has tendered claims to Steadfast for costs under the RSL policy, but Steadfast contends that it is not obligated to pay for those claims under the RSL policy. (ECF 5 ¶ 15; ECF 12 ¶ 15.)

II. STANDARD

A district court may "on just terms, add or drop a party" and "may also sever any claim against a party." FED. R. CIV. P. 21. A court may sever particular parties or claims where the joinder is improper under Federal Rule of Civil Procedure 20 and "no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). Moreover, even where joinder is proper under Rule 20, a court may still order a severance to prevent delay or prejudice. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000). The decision whether to grant or deny severance lies within the district court's sound discretion and is subject to review only for clear abuse. *See Coughlin*, 130 F.3d at 1351. A court may consider the same factors relevant to bifurcation under Rule 42(b) in determining whether to grant

3

a severance under Rule 21. *See Anticancer, Inc. v. Pfizer Inc.*, 11-CV-107 JLS RBB, 2012 WL 1019796, at *2 (S.D. Cal. Mar. 26, 2012). Courts balance such factors as the convenience and economy of one trial; the complexity of legal theories and factual proof; and the potential of prejudice if severance is granted. *See, e.g.*, *CJ Inv. Servs., Inc. v. Williams*, 5:08-CV-5550 EJD, 2012 WL 547176, at *2 (N.D. Cal. Feb. 17, 2012); *Wynes v. Kaiser Permanente Hosps.*, 2:10-CV-00702-MCE, 2011 WL 4954196, at *4 (E.D. Cal. Oct. 17, 2011).

III.     DISCUSSION

In support of its Motion to Sever, plaintiff LMI raises two arguments. (ECF 41 at 1-2.) First, LMI argues Steadfast's joinder of CH2M was improper under Rule 20. (*Id.* at 1.) Second, LMI argues that even if joinder was proper under Rule 20, "judicial efficiency and prejudice to LMI both weigh heavily in favor of severance." (*Id.* at 2.) The court will address these arguments in turn.

A.     Joinder of CH2M under Rule 20

Plaintiff LMI argues that Steadfast improperly joined CH2M under Rule 20 because Steadfast "does not assert a claim against LMI and [CH2M] with respect to the same transaction, occurrence or series of occurrences, and there are no material questions of law or fact common to Steadfast's claims against LMI and [CH2M]." (*Id.* at 1-2.)

Steadfast responds LMI "turns a blind eye to its own complaint" because LMI's complaint against Steadfast includes a claim for interference with LMI's contractual relations with CH2M based on the RSL policy and Steadfast's counterclaim against CH2M seeks declaration of rights and liabilities under the same policy. (ECF 62 at 2.)

"Rule 20 is designed to promote judicial economy, and reduce inconvenience, delay, and added expense." *Coughlin*, 130 F.3d at 1251. Joinder of a party under Rule 20 is proper if: (1) the right to relief arises out of "the same transaction, occurrence, or series of transactions or occurrences"; and (2) any question of law or fact common to all parties joined will "arise in the action." FED. R. CIV. P. 20. Courts construe these requirements liberally to promote trial convenience and to expedite determination of disputes. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("Under the Rules, the impulse is toward entertaining the

4

broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.").

The first prong, the same transaction or occurrence requirement, "refers to similarity in the factual background of a claim." *Coughlin*, 130 F.3d at 1350. Claims that "arise out of a systematic pattern of events" and "have [a] very definite logical relationship" arise from the same transaction or occurrence. *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 842-43 (9th Cir. 2000) (internal quotations omitted).

The second requirement is that there be a single question of law or fact common to all the parties joined. *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). "The common question need not predominate; [that is] a requirement for class actions, not for permissive joinder." *Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011), *reh'g denied* (Apr. 12, 2011). However, "the mere fact that all . . . claims arise under the same general law does not necessarily establish a common question of law or fact." *Coughlin*, 130 F.3d at 1351.

Here, after considering the parties' contentions, the court finds Rule 20 requirements are satisfied. LMI's cause of action for intentional interference with contractual relations is based on Steadfast's alleged deliberate and wrongful delay of processing of CH2M's claims made under the RSL policy. (ECF 22 ¶ 16.) Specifically, LMI alleges "Steadfast refused to pay approximately [$1 million] in expenses CH2M had claimed under the RSL policy . . . even though Steadfast repeatedly acknowledged that the claim was covered under the RSL policy" (*id.* ¶ 17), and "Steadfast knew its actions interfered with the contractual relationship between LMI and CH2M . . . ." (*Id.* ¶ 18.) As a result, LMI alleges, CH2M stopped the work it was performing for LMI; thus, LMI's contractual relationship with CH2M was disrupted. (*Id.* ¶¶ 19-20.)

Steadfast's counterclaim is for declaratory relief against LMI and CH2M. Steadfast reasons while "LMI alleges that Steadfast groundlessly refused to pay CH2M . . . under the RSL policy," "Steadfast disputes that it has an obligation to pay for the disputed costs at issue under the RSL policy." (ECF 5 ¶ 15.) Accordingly, as to the same transaction or occurrence requirement, because Steadfast's claims arise out of the same RSL policy and Steadfast's alleged

5

failure to pay to CH2M, Steadfast's claims for declaratory relief against LMI and CH2M arise from the same transaction and occurrence.

The commonality requirement is satisfied as well.  Steadfast's claims for declaratory relief against both LMI and CH2M involve the same RSL policy, and the common question whether Steadfast was obligated to pay for the costs requested by CH2M will likely arise in the action.  *See Sole Energy Co. v. Petrominerals Corp.*, 128 Cal. App. 4th 212, 237-38 (2005) (stating one of the elements of interference with contractual relations claim is "defendant's intentional acts designed to induce a . . . disruption of the contractual relationship").  Additionally, as explained above, because courts construe Rule 20 requirements liberally to promote trial convenience, the court finds Steadfast's joinder of CH2M proper under Rule 20.  *League to Save Lake Tahoe v. Tahoe Reg'l Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977) (citing *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)).

Even where Rule 20 requirements are met, "a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side."  *Coleman*, 232 F.3d at 1296 (quoting *Desert Bank*, 623 F.2d at 1375).  Severance is appropriate where the likelihood of confusion and prejudice outweigh the gains from judicial economy.  *See id.*

B.  Fundamental Fairness

LMI advances the following arguments as to why severance is appropriate even assuming joinder is proper under Rule 20.  First, LMI argues the trial of LMI's claims and CH2M's claims "will involve almost entirely different evidence."  (ECF 41 at 9.)  The only "factual commonality between the two cases is that they both arise out of cleanup of pollution at the . . . Shipyard, and that there is a connection between [CH2M's] claim for non-payment of its costs . . . and LMI's interference with contract claim."  (*Id.*)  Second, LMI argues "[s]eparating the cases will also avoid prejudice to LMI from jury confusion" in light of the factual complexity of the case.  (*Id.*)  Finally, LMI reasons the amount of discovery will be more reasonable because "LMI will not need to attend depositions of [CH2M] witnesses on RSL [p]olicy . . ." (*id.* at 10),

6

1   and "Steadfast will have no need to depose [thirty-five] witnesses" if its case against CH2M is
2   "no longer part of this case." (*Id.* at 9-10.)

3           CH2M responds to LMI's arguments as follows: "LMI's claim for contractual
4   interference against Steadfast involves the RSL [p]olicy, the same policy under which [CH2M] is
5   suing Steadfast for coverage." (ECF 61 at 2.) Moreover, "LMI's contractual interference claim
6   involves Building 206/208, which is also part of [CH2M's] claim against Steadfast." (*Id.*)
7   Accordingly, CH2M argues there is sufficient factual and legal commonality for the claims to
8   remain joined. Additionally, CH2M argues the severance of the claims into two independent
9   actions "raises the possibility of inconsistent verdicts regarding exactly what rights and duties
10  Steadfast has under the RSL [p]olicy." (*Id.* at 3.) CH2M also points out that "[i]f there are
11  depositions of certain witnesses that LMI believes do not relate to its claims, LMI is free not to
12  attend." (*Id.*)

13          Steadfast responds to LMI's arguments by reasoning that "[s]everance will only
14  result in judicial inefficiency" because "[m]any of the issues and witnesses involved in the
15  complaint and counterclaims are the same." (ECF 62 at 4.) "[P]roper jury instructions and a
16  special verdict form can remedy any jury confusion." (*Id.* at 5.) Therefore, "[b]ecause severance
17  will require much of the same evidence and many of the same witnesses to be presented in two
18  trials, severance would inevitably result in judicial inefficiency." (*Id.* at 6.)

19          The court is not persuaded that likelihood of jury confusion and prejudice
20  outweigh the benefit of judicial economy realized through maintaining joinder of claims. First,
21  the legal theories involved in this case are not unduly complicated. As noted above, LMI alleges
22  four causes of action: (1) intentional interference with contract; (2) breach of contract; (3) tortious
23  breach of the implied covenant of good faith and fair dealing; and (4) declaratory relief. (ECF 22.)
24  Steadfast's counterclaims are for declaratory relief (ECF 5), and CH2M's counterclaims against
25  Steadfast are for: (1) breach of contract; (2) tortious breach of the implied covenant of good faith; and
26  (3) declaratory relief. (ECF 12).

27          Second, as explained above, LMI's intentional interference with contract claim
28  and Steadfast's counterclaim for declaratory relief against CH2M will likely involve presentation

of the same evidence. Any potential for jury confusion can be addressed through proper instructions at trial. The *Coleman* case cited by LMI is clearly distinguishable. In *Coleman,* the Ninth Circuit affirmed the district court's decision to sever the claims of three employees from those of seven other employees. The affirmance approved the district court's reasoning that the defendant employer would be prejudiced because the jury would be confused by the application of the law of six different states, given the state law claims that needed to be evaluated under different state laws. 232 F.3d at 1297. Unlike in *Coleman*, all of the claims in this case arise under California law, and there are only three parties involved.

Weighing the interests of judicial efficiency against the potential prejudice to LMI, the court finds the judicial economy achieved through joinder outweighs the likelihood of prejudice to LMI.

IV.   CONCLUSION

For the foregoing reasons, the court DENIES plaintiff's motion to sever.

IT IS SO ORDERED.

Dated: December 16, 2013.

_____
UNITED STATES DISTRICT JUDGE