1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LENNAR MARE ISLAND, LLC,                    No.  2:12-cv-02182-KJM-KJN

12                  Plaintiff,

13         v.                                    ORDER

14   STEADFAST INSURANCE COMPANY,
     et al.,
15
                    Defendants.
16

17

18         On September 11, 2013, defendant and counter-claimant Steadfast Insurance Company

19   ("Steadfast") filed its Notice of Motion For Relief From Presumptive Discovery Limits For

20   Depositions, and the parties filed their related Joint Statement and supporting declarations on

21   November 14, 2013.[1]  (ECF Nos. 43-45, 66.)  The undersigned partially granted and partially

22   denied the motion, and ordered the parties to submit a further Joint Statement regarding the

23   proposed additional deponents.  (Order, ECF No. 77 at 2-3.)  The undersigned also ordered the

24   parties to appear telephonically at a hearing regarding the proposed additional depositions, and set

25   the hearing to occur on December 20, 2013.[2]  (Id.)

26   _____

     [1]  This matter proceeds before the undersigned pursuant to Eastern District of California Local
27   Rule 302(c)(1).

28   [2]  On December 16, 2013, United States District Judge Kimberly J. Mueller denied LMI's

                                                1

The parties filed their Joint Statement on November 25, 2013.  (Joint Statement, ECF No. 84.)  The matter came on for hearing on December 20, 2013.  Attorney David Campagne appeared telephonically on behalf of Steadfast.  Attorney Ryan Werner appeared telephonically on behalf of plaintiff and counter-defendant Lennar Mare Island ("LMI").  Attorney Amanda Hairston appeared on behalf of counter-defendant and counter-claimant CH2M Hill Constructors, Inc. ("CCI").

For all the reasons discussed on the record during the hearing, it is HEREBY ORDERED THAT:

1.  The following depositions have been mutually agreed upon by the parties (see Joint Statement, ECF No. 84 at 2), and Steadfast may proceed with deposing these individuals in whatever chronological order it chooses (with the understanding that all parties will cooperate in the scheduling of the depositions):

    a.  Jill Benson

    b.  Carla Duncan

    c.  Steve Farley

    d.  Sheila Roebuck[3]

    e.  Tom Sheaff[4]

    f.  Neal Siler[5]

    g.  Rick Teczon

2.  Steadfast may also choose to depose the following individuals given that LMI has agreed to the following deponents but with the caveat that LMI believes (Joint

---

Motion to Sever this case.  (Order, ECF No. 81.)

[3]  Ms. Roebuck's deposition length has been extended to 14 hours pursuant to the Order at ECF No. 77 at 2.

[4]  Mr. Sheaff's deposition length has been extended to 14 hours pursuant to the Order at ECF No. 77 at 2.

[5]  Mr. Siler's deposition length has been extended to 14 hours pursuant to the Order at ECF No. 77 at 2.

2

1    Statement, ECF No. 84 at 1) these deponents are "irrelevant"[6]:

2         a.   Kathy Gettys

3         b.   Gordon Hart

4         c.   Janet Naito

5         d.   Steve Watson

6    3.   Steadfast may depose LMI's corporate designee(s) to be identified following

7         Steadfast's circulation of draft deposition notices delineating topics to be addressed by

8         LMI's person(s) most knowledgeable ("PMKs").  Steadfast may also depose CCI's

9         corporate designee(s) to be identified following Steadfast's circulation of draft

10        deposition notices delineating topics to be addressed by CCI's PMKs.  These draft

11        notices will be circulated among counsel prior to January 30, 2014, and LMI's counsel

12        and CCI's counsel shall each identify their clients' PMKs on the listed topics

13        reasonably promptly thereafter.

14        a.   As discussed during the hearing, the court is not inclined to allow "two-step"

15             depositions of individuals who can testify as to percipient knowledge *and*

16             testify in a PMK capacity.  In other words, the court is not inclined to allow an

17             individual to first be deposed as a percipient witness, and thereafter, to be re-

18             deposed as a PMK in a separate second deposition.  Because the court

19             envisions a single deposition for such individual(s), the court will entertain

20             requests to extend the time allowed for such deposition(s).

21        b.   The court permits Steadfast to depose LMI's and CCI's percipient

22             witnesses/PMKs in whatever chronological order Steadfast chooses.

---

[6]  Given LMI's position that these individual deponents are "irrelevant," Steadfast may wish to reconsider some or all of these depositions.  This order does not *require* Steadfast to depose these individuals; it *permits* Steadfast to do so.  By permitting Steadfast to proceed with these depositions, the court in no way determines that these witnesses are more or less relevant than other potential deponents.  As the court emphasized during the hearing, however, if Steadfast chooses to proceed with these depositions despite LMI's "irrelevance" argument, Steadfast is strongly cautioned that the court will take into consideration the total amount of "extra" depositions Steadfast has taken (i.e., the number beyond the 10-deposition limit) when deciding any future requests from Steadfast seeking additional depositions.

4. Steadfast may depose a "corporate designee" from the Navy.  However, this order *does not* require that the Navy actually produce any such witness.  This order is limited solely to permitting Steadfast to use one of its allotted depositions on a Navy designee/PMK.  The court makes no determination as to whether the Navy is or should be a party to this case, whether the Navy is obligated to produce a PMK witness in this case, or any other determination binding upon the Navy.

5. Steadfast may also depose the following individuals notwithstanding LMI's disagreement regarding such depositions; however, Steadfast's decision to proceed with such depositions may negatively impact Steadfast's ability to conduct additional "extra" depositions in the future:

   a. Starr Dehn[7]

   b. Tim Graves[8]

   c. Jeff Morris[9]

   d. Paul Scherbak[10]

6. Steadfast's requests to depose the following individuals are denied without prejudice at this time, but Steadfast may request these depositions in the future if it believes it can make the requisite particularized showing of need, and the parties remain free to

---

[7]  As discussed during the hearing, should Steadfast choose to proceed with deposing Starr Dehn despite LMI's arguments that witnesses Jennifer Lindquist or Daisy Wei are more appropriate deponents, the court may not look favorably upon a potential future request from Steadfast to depose Ms. Lindquist and/or Ms. Wei.

[8]  As discussed during the hearing, should Steadfast choose to proceed with deposing Tim Graves despite LMI's arguments that witness Jennifer Lindquist is a more appropriate deponent, the court may not look favorably upon a potential future request from Steadfast to depose Ms. Lindquist.

[9]  As discussed during the hearing, should Steadfast choose to proceed with deposing Jeff Morris despite LMI's arguments that witness Daisy Wei is a more appropriate deponent, the court may not look favorably upon a potential future request from Steadfast to depose Ms. Wei.

[10]  As discussed during the hearing, should Steadfast choose to proceed with deposing Paul Scherbak despite LMI's arguments that witnesses Jennifer Lindquist or Daisy Wei are more appropriate deponents, the court may not look favorably upon a potential future request from Steadfast to depose Ms. Lindquist and/or Ms. Wei.

stipulate to such depositions:

    a.  Jim Kovalcik[11]

    b.  Beth Pennington[12]

    c.  Michael Walker[13]

7.  The parties are welcome to stipulate to additional depositions or to stipulate to eliminate any deposition permitted in this order.  However, the court clarifies that a stipulation to eliminate any particular deposition permitted in this order shall not result in the deposing party's having the ability to fill the "spot" of the vacated deposition with some other witness.  For example, if Steadfast ultimately decides not to depose Gordon Hart, Steadfast may not unilaterally switch some other potential deponent into Hart's "spot" without an agreement of all other parties.  All depositions in excess of the 10-deposition limit must be approved by the court or by way of an agreement by all parties.

IT IS SO ORDERED.

Dated:  December 23, 2013

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[11]  As discussed during the hearing, the agreed-upon deposition of Jill Benson may render Mr. Walker's deposition unnecessary.

[12]  The court is inclined to assess the propriety of Ms. Pennington's deposition at a later date in this case, following the completion of other depositions that may narrow the topics upon which Ms. Pennington might testify.

[13]  As discussed during the hearing, the agreed-upon deposition of Tom Sheaff may render Mr. Walker's deposition unnecessary.