UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENNAR MARE ISLAND, LLC, | No. 2:12-cv-2182 KJM KJN |
| Plaintiff, | |
| v. | ORDER |
| STEADFAST INSURANCE COMPANY, et al., | |
| Defendants. | |

On April 23, 2014, counsel for plaintiff Lennar Mare Island, LLC ("LMI") contacted the undersigned's Courtroom Deputy via email requesting on behalf of both LMI and defendant Steadfast Insurance Company ("Steadfast") an informal telephonic conference before the undersigned regarding the court's April 7, 2014 discovery order partially granting Steadfast's motion to compel documents LMI was withholding on the basis of an asserted "common interest" between it and the United States Navy ("Navy") or the City of Vallejo ("City"). Later that day, the court issued the following minute order:

> Pursuant to the request of the parties, a telephonic discovery conference will be tentatively set for 4/25/2014 in Courtroom 25 (KJN) before Magistrate Judge Kendall J. Newman. However, before the court sets the conference, the parties are directed to submit a brief joint discovery statement (two pages or less) addressing the current status of their discovery efforts with respect to the court's 4/7/2014 discovery order, what they would like to achieve through the requested conference, and what, if any, contentions the parties have concerning court's discovery order

1

by no later than 12:00 PM on 4/24/2014 by emailing it to
kjnorders@caed.uscourts.gov.  After the court reviews the parties' joint statement,
it will inform the parties of whether the parties request for a telephonic conference
is granted and, if it is granted, the time at which the telephonic conference is to
take place on 4/25/2014.

(ECF No. 108.)  The parties timely filed a joint statement on April 24, 2014 that addressed the topics set out in the minute order.[1]  After a review of the parties' joint statement, the court finds that a telephonic conference is unnecessary.  Accordingly, the court denies the parties' request.

Based on the representations made in the joint statement, it appears that the primary purpose behind the request is to provide LMI's counsel an opportunity to implore the court to reconsider its April 7, 2014 discovery ruling compelling LMI to produce its "common interest" documents withheld on the sole basis of the attorney-client privilege.  LMI asserts that the court incorrectly stated in its order that neither the Navy nor the City are insured parties under the ELI Policy.  Steadfast states in its portion of the joint statement that it acknowledges that both the Navy and the City are insured parties under the ELI policy.

Even if the court makes the requested factual correction, it does not fundamentally change the court's analysis with regard to the issue of whether there was a "common interest" between LMI and the Navy or the City, or both, that would preclude waiver of the underlying attorney-client privilege claimed for the communications that LMI disclosed to those parties.  As Steadfast highlights in its portion of the joint statement, nothing presented to the court indicates that either the Navy or the City is or is very likely to become engaged in litigation with Steadfast regarding the same or similar issues presented in the current case.  The fact that both the Navy and the City are insured under the ELI Policy does not change this determination.  Nor does this fact change the possibility that that the relationship between LMI and the Navy may become adversarial depending on the outcome of the present litigation.  (See ECF No. 106 at 12.)  Moreover, as

---

[1] As part of their joint statement, the parties describe the current status of their discovery activities with regard to the court's April 7, 2014 discovery order.  Based on the parties' representations, it appears that both sides are making earnest efforts to comply with the disclosures and timelines set by that order. The undersigned acknowledges and appreciates the parties' willingness to cooperate with one another to ensure that these disclosures are made in a complete and timely manner.

stated in the discovery order, LMI has failed to sufficiently show that its disclosures of the communications at issue were made in furtherance of LMI's purpose for seeking legal advice, which is required for the common interest doctrine to apply to attorney-client communications. (See id. at 9, 12.)

Because a correction of the factual error addressed in the parties' joint statement does not fundamentally change the court's decision or underlying analysis on this issue, the undersigned finds it unnecessary to hold a telephonic conference. Accordingly, IT IS HEREBY ORDERED that the parties' request for an informal telephonic conference is DENIED.

IT IS SO ORDERED.

Dated: April 25, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE