UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENNAR MARE ISLAND, LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>STEADFAST INSURANCE COMPANY, and Does 1 through 10,<br><br>        Defendants. | No. 2:12-CV-02182-KJM-KJN<br><br><br>ORDER |
| STEADFAST INSURANCE COMPANY,<br><br>        Counterclaimant,<br><br>    v.<br><br>LENNAR MARE ISLAND, LLC; CH2M HILL CONSTRUCTORS, INC., and DOES 1 through 10,<br><br>        Counterdefendants. | |
| CH2M HILL CONSTRUCTORS, INC.,<br><br>        Counterclaimant,<br><br>    v.<br><br>STEADFAST INSURANCE COMPANY,<br><br>        Counterdefendant. | |

1

On February 28, 2014, this court denied Lennar Mare Island's (LMI) motion for summary judgment. ECF No. 95. LMI has now moved for reconsideration. At hearing on April 11, 2014, Ryan Werner appeared for LMI; David Campagne appeared for Steadfast. After considering the parties' briefing and arguments the court DENIES the motion.

I. RELEVANT BACKGROUND

As reviewed in the court's prior order, on June 22, 2012, LMI filed a complaint in Solano County Superior Court against Steadfast, alleging four claims: intentional interference with contract; breach of contract; tortious breach of the implied covenant of good faith and fair dealing; and declaratory relief. Compl., ECF No. 1 at 6-12.

On August 21, 2012, Steadfast removed the case to this court on the basis of this court's diversity jurisdiction. ECF No. 1 at 2.

On August 27, 2012, Steadfast answered and asserted a counterclaim against LMI and CH2M Hill Constructors, Inc. (CCI).[1] ECF Nos. 4, 5.

On the parties' stipulation, LMI filed a First Amended Complaint (FAC) on January 17, 2013, containing four claims: intentional interference with contract; breach of contract; breach of the implied covenant of good faith and fair dealing; and declaratory relief. ECF No. 22. As relevant to this motion, LMI alleges that it has tendered claims for pollution clean-up expenses to Steadfast under an Environmental Liability Insurance (ELI) policy but that Steadfast has refused to pay. *Id*. ¶¶ 22-26. Steadfast answered on January 31, 2013. ECF No. 26.

LMI filed a motion for partial summary judgment on October 25, 2013, seeking judgment on its claim that Steadfast breached its contract to pay the environmental clean-up costs stemming from PCB contamination on the floor of Building 116. Mot. for Summ. J., ECF No. 51.[2]

---

[1] The parties refer to CH2M Hill Constructors as CCI, so the court will as well.

[2] In addition, as part of the breach of contract claim, the complaint alleges Steadfast has refused to pay for clean-up costs in Buildings 206/208, 84, 386, 971 and the 688 Pits. ECF No. 22 ¶ 23.

2

The undisputed evidence offered on summary judgment showed, in part, the following: As part of LMI's redevelopment of the Mare Island Naval Shipyard in Vallejo, Steadfast issued a Remediation Stop Loss policy number ERC 522484-00 to CCI (RSL Policy), and the ELI policy number REL 5224850-00 to LMI. Steadfast's Response to LMI's Statement of Undisputed Facts, ECF No. 74 ¶¶ 1, 3. The provision of the ELI Policy at issue in this case provides in pertinent part:

> [Under Coverage A1 Steadfast promises to] pay to the **First Named Insured** any **Cleanup Costs** in excess of the applicable **Self Insured Retention** required by **Governmental Authority** as a result of a **Pollution Event** on, at or under a **Covered Location** that is not a **Known Pollution Condition** and that is first discovered by an **Insured** during the **Policy Period** . . . provided that . . . the **Claim** is reported to the **Company** during the **Policy Period** . . . .

ECF No. 74 at 4 ¶ 8; Mot. for Summ. J., Ex. 1 at SJCE 167596 (emphasis in original).[3] LMI is the First Named Insured in the ELI Policy for Coverage A1. ECF No. 74 at 4 ¶ 9; Mot. for Summ. J., Ex. 1 at SJCE 167554.

The ELI Policy defines "Known Pollution Conditions," as relevant here, as

> all conditions specifically described in the Scope of Work Endorsement to the Remediation Stop Loss Policy . . . and which require or may ultimately require any form of remedial investigation or action . . . . **Known Pollution Conditions** constitute all of the conditions that are deemed known to the Insureds for the purposes of this Policy. **Known Pollution Conditions** are: [¶] 1. those conditions specifically set forth in Tables 1-3 and Figures 1 through 89 and Fuel Oil Line Removal Project Figures 1 through 11 to the Scope of Work Endorsement, which statement of conditions is either (i) a designation of location, contamination, byproducts, breakdown products and source of such identified contamination at the time of policy inception, or (ii) a designation of location, contamination, byproducts, breakdown products and an expressly unidentified source of such identified contamination at the time of policy inception . . . . In the case of any **Known Pollution Condition**, the **Known Pollution Condition** shall be deemed to include the entire quantity and geographic extent of any contaminant which is ultimately determined to have been released as or to have constituted part of such **Known Pollution Condition**, without regard to: . . . [¶] 2. whether the contaminant . . . is subsequently determined to have migrated across or through

---

[3] Further quotations from the policies at issue reproduce the emphasis as it occurs in the policies.

3

> one or more environmental media before or after identification as a **Known Pollution Condition** or to have otherwise had a fate and transport or spatial extent different than that understood as set forth in Tables 1-3 and Figures 1 through 89 and Fuel Oil Line Removal Project Figures 1 through 11 or described at the time the contaminant was identified as part of a **Known Pollution Condition** . . . .

Mot. for Summ. J., Ex. 1 at SJCE 167601. "**Insured**" is defined as "**The Named Insured(s)**," among other things. *Id*. at SJCE 167600-167601. The First Named Insured for Coverage A of the ELI Policy is LMI. *Id*. at SJCE 167554.

The Scope of Work Endorsement to the RSL Policy, contained in Endorsement Nos. 2 and 6, provides that

> The conditions and activities identified in Tables $1^4$, 2 and 3 and listed below represent the **Scope of Work** of the **Insured Project** and are **Known Pollution Conditions** or actions with respect to such **Known Pollution Conditions** authorized under the **Scope of Work** . . . . Tables 1, 2 and 3 and Figures 1 through 89 and Fuel Oil Line Removal Project Figures 1 through 11 set forth conditions present at the covered location designated in Item 5 of the Declarations. The figures illustrate the general locations of contaminants for each site, but do not represent the total extent or maximum concentrations for each contaminant.

Mot for Summ. J., Ex. 15 at SJCP 029063, 029073. Although the scope of work for the project identifies PCB contamination on the "transformer pad, northwestern wall," and the "former drain for transformer pad," of Building 116, PCB contamination on the floor of Building 116 is not included in any of the tables and figures. Mot. for Summ. J., Ex. 15 at SJCP 029120. The endorsement to the RSL policy also says that "[i]f required or authorized by **Governmental Authority**, Lennar has agreed to leave the following building floor slabs in place and intact to serve as an encapsulation remedy for **Known Pollution Conditions** . . . . [¶] The buildings included in this category are: . . . Building 116." *Id.* at SJCP 029075.

II. STANDARD FOR A MOTION FOR RECONSIDERATION

"A district court's power to rescind, reconsider, or modify an interlocutory order is derived from the common law, not from the Federal Rules of Civil Procedure." *City of*

---

[4] As noted previously, although plaintiffs have provided a copy of Table 1, it is in such tiny print as to be unreadable. Mot. for Summ. J., Ex. 15 at SJCP029103-SJCP029108.

*Los Angeles v. Santa Monica BayKeeper*, 254 F.3d 882, 886 (9th Cir. 2001); *McConnell v. Lassen Cnty.*, No. 2:05-cv-0909 FCD DAD, 2008 WL 4482853, at *2 (E.D. Cal. Oct. 3, 2008) ("Where reconsideration of a non-final order is sought, the court has 'inherent jurisdiction to modify, alter, or revoke it.'") (quoting *United States v. Martin*, 226 F.3d 1042, 1048-49 (9th Cir. 2000)).  In addition, Federal Rule of Civil Procedure 54(b) authorizes courts to revise "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  FED. R. CIV. P. 54(b); *Regents of Univ. of Calif. v. Bernzomatic*, No. 2:10-cv-1224 FCD GGH, 2011 WL 666912, at *2 (E.D. Cal. Feb. 11, 2011) (relying on Rule 54 in deciding whether to reconsider the denial of summary judgment). Reconsideration is appropriate where there has been an intervening change in controlling law, new evidence has become available, or it is necessary to correct clear error or prevent manifest injustice.  *Cachil Dehe Band of Wintun Indians v. California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009) (citing *School Dist. No. 1J Multnomah Cnty. v. AC&S Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).  A party should "not use a motion for reconsideration to raise arguments or present new evidence for the first time when it could reasonably have been raised earlier in the litigation," *id.*, nor should the party "ask the court to rethink matters already decided."  *American Rivers v. NOAA Fisheries*, No. CV-04-00061-RE, 2006 WL 1983178, at *2 (D. Or. Jul. 14, 2006) (citing *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003)).

> Under Local Rule 230(j), the party moving for reconsideration must set forth:
>
> (1) when and to what [j]udge . . . the prior motion was made; (2) what ruling ... was made thereon; (3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and (4) why the facts or circumstances were not shown at the time of the prior motion.

L.R. 230(j).  "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  *Knight v. Rios*, No. 1:09–cv–00823–AWI–JLT HC, 2010 WL 5200906, at *2 (E.D. Cal. Dec.15, 2010).

/////

5

III. ANALYSIS

LMI argues the court committed three errors in resolving the motion for summary judgment: its interpretation of Rule 408 of the Federal Rules of Civil Procedure was incorrect; it improperly interpreted the "first discovered" clause; and it overlooked a "deemed known" provision in the ELI policy. ECF No. 96 at 2.

Steadfast contends LMI's first two claims are simply disagreements with the court ruling rather than errors in its order and the third claimed error did not have any impact on the resolution of the motion. ECF No. 103.

In reply, LMI challenges Steadfast's interpretation of the policies and the law.

A. Rule 408

Exhibit 7 in support of the motion for summary judgment is a "Settlement Agreement and Mutual Release" among LMI, CCI and Steadfast concerning PCB clean-up on Mare Island. Thomas Sheaff, Vice President of LMI Homes of California, Inc., a managing member of LMI, describes Exhibit 7 as a resolution of a dispute between LMI and Steadfast about whether LMI had satisfied its deductible for clean-up costs under the ELI policy. Mot. for Summ. J., Decl. of Thomas Sheaff ¶ 14. The document states, among other things, that the agreement "is not and shall not be construed as or deemed to be evidence of, an admission of any kind on the part of any of the Parties now or with respect to any future claim or dispute." Mot. for Summ. J., Ex. 7 at LMI-118523.

This court refused to consider the document, citing Rule 408 of the Federal Rules of Evidence and *Troutman v. Unum Life Ins. Co.*, No. C-04-0889 MMC, 2008 WL 2757082, at *7 (N.D. Cal. Jul. 14, 2008).

Under Rule 408, evidence of either settlement negotiations or terms is not admissible "to prove liability for or invalidity of the claim or its amount." LMI cites a case from the Tenth Circuit and one from another court in this district holding that "[r]ule 408 does not require the exclusion of evidence regarding the settlement of a claim different from the one litigated." *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 770 (10th Cir. 1997); *Velasquez v. Chase Home Fin., LLC.*, Civ. No. S-12-0433 LKK, 2012 WL 913705, at *3 ( E.D. Cal. Mar. 16,

2012). As this authority is not precedential, this court's interpretation of Rule 408 as precluding evidence of settlements of other claims when the evidence is offered against the compromiser is not a mistake justifying reconsideration of its order. *See, e.g., Hudspeth v. Comm'r of Internal Revenue Serv.*, 914 F. 2d 1207, 1213-14 (9th Cir. 1990) (relying on Rule 408 to exclude a valuation reached during settlement when the settlement and the new action involved valuation of timber of similar quality taken from the same forest); *Green v. Baca*, 226 F.R.D. 624, 640 (C.D. Cal. 2005) (precluding the county's settlement of other suits regarding overdetention when the case involved application of the same policy leading to overdetention). LMI sought to use Steadfast's settlement concerning PCB cleanup on Mare Island, a claim sufficiently similar to the instant dispute as to trigger application of Rule 408's exclusion.

B. "First Discovered by an Insured" and "Deemed Known"

In its order, the court said that the ELI policy provides no coverage for conditions first discovered outside the policy period. ECF No. 95 at 11. LMI contends that Coverage A provides that Steadfast will pay for the cleanup of conditions "first discovered by an **Insured** during the Policy Period." Mot. for Summ. J., Ex. 1 at SJCE 167596. It argues that whatever CCI knew about PCB contamination in Building 116, CCI was not the insured within the meaning of the policy nor could its knowledge be imputed to LMI. ECF No. 96 at 4.

Whether or not CCI was an insured under the ELI policy, an issue not resolved here, CCI's knowledge, if any, might be imputed to LMI and thus become the knowledge of LMI as the insured. Moreover, the evidence Steadfast presented about CCI's knowledge gave substance to its claim that further discovery might lead to evidence of LMI's prior knowledge. LMI's argument on this issue does not support reconsideration, as it is merely a dispute with the court's resolution of the questions presented by the motion.

LMI also argues CCI's pre-policy knowledge is not relevant because of the "deemed known" clause in the ELI policy, for that provision means "there are no conditions known to an **Insured** prior to the policy position that are not listed in the Scope of Work," and that, accordingly, Steadfast agreed to cover conditions that "actually were known but not listed." ECF No. 96 at 4-5.

1   The RSL Policy says the listed known pollution conditions "constitute all of the
2 conditions that are deemed known to the **Insureds** for the purposes of <u>this</u> Policy." Mot. for
3 Summ. J., Ex. 15 at SJCP 029090 (underline added). In the order on summary judgment, the
4 court noted the ELI policy did not include a similar clause. ECF No. 95 at 11. LMI has pointed
5 out following language in the ELI policy:

> **Known Pollution Conditions** means all conditions specifically described in the Scope of Work Endorsement to the Remediation Stop Loss Policy No. ERC 5224884-00 ("Scope of Work Endorsement") and which require or may ultimately require any form of remedial investigation or action . . . by the **Named Insured** before a **Governmental Authority** will determine that no further remedial action is required. **Known Pollution Conditions** constitute all of the conditions that are deemed known to the **Insured**s for the purpose of this Policy.

Mot. for Summ. J., Ex. 1 at SJCE 167596. The court acknowledges its prior omission.

Steadfast argues the omission does not matter because the court said this "deemed known" provision would render the "first discovered" provision surplusage. It also cites to *S & L Oil, Inc. v. Zurich American Insurance Company*, No. 2:07-cv-01883 MCE KJM, 2009 WL 2050489 (E.D. Cal. Jul. 10, 2009), as authority for its argument that a "first discovered" provision always refers to pre-policy knowledge. The court agrees with LMI that the decision cannot be read so broadly.

According to LMI, Steadfast seeks to rewrite the policy by arguing there might be conditions that did not make the list of "knowns" but which now qualify as known. ECF No. 105 at 5. Despite the thrust of Steadfast's opposition to the motion for summary judgment, however, LMI did not raise this argument and so it is not properly raised on reconsideration. As the court denied the motion for summary judgment without prejudice, LMI will have a chance to argue this in any renewed motion.

There also is the provision itself: The ELI policy has three preconditions for payment of clean-up costs for a pollution event: (1) the event is not one of the known pollution conditions, all of which are listed on the scope of work endorsement to the RSL policy; and (2) the insured first discovered the condition during the policy period; and ("provided that")

8

1  (3) the insured reported the claim during the policy period. *See* BLACK'S LAW DICTIONARY 1240
2  (7th ed. 2007) ("**provided,** *conj.* On condition or understanding (*that*)"). It appears that all three
3  of these conditions, joined by conjunctions, must be satisfied before Steadfast is obligated under
4  the ELI policy. *See In re C.H.*, 53 Cal. 4th 94, 101 (2011) ("The ordinary and usual usage of
5  'and' is as a conjunctive, meaning 'an additional thing,' 'also' or 'plus.'"). LMI argues the "first
6  discovered language," when read in conjunction with the "deemed known" provision, operates to
7  limit the coverage to contamination discovered before the end of the policy period. ECF No. 105
8  at 3. But the necessity of discovery before the end of the policy period appears to be enforced by
9  the requirement that the insured reports the claim during the policy period. Whatever the ultimate
10 meaning of this provision, it is better resolved on a renewed motion for summary judgment.

11 Finally, LMI contends the denial of its motion for summary judgment will subject
12 it to burdensome discovery about every clause in the ELI policy. The court agrees that some
13 discussion of the proper scope of discovery in light of Steadfast's claims and this court's prior
14 order is appropriate; this discussion will take place at the scheduling conference set for May 15,
15 2014.

16 IT IS THEREFORE ORDERED that the motion for reconsideration, ECF No. 96,
17 is denied.

18 DATED: May 15, 2014.

_____
UNITED STATES DISTRICT JUDGE