SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
W. David Campagne, #111372
dcampagne@spcclaw.com
J. Karren Baker, #145009
kbaker@spcclaw.com
Stephen R. Wong, #186187
swong@spcclaw.com
Two Embarcadero Center, Suite 1410
San Francisco, California 94111
Tel.: (415) 352-6200; Fax: (415) 352-6224

HOGAN LOVELLS US LLP
Ethan A. Miller, #155965
Benjamin T. Diggs, #245904
David W. Skaar, #265377
Three Embarcadero Center, Suite 1500
San Francisco, California 94111
Tel: (415) 374-2300; Fax: (415) 374-2499

Attorneys for Defendant, Counter-Complainant
and Counter-Defendant STEADFAST INSURANCE COMPANY

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111
TEL (415) 352-6200 • FAX (415) 352-6224

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**

LENNAR MARE ISLAND, LLC,

Plaintiff,

vs.

STEADFAST INSURANCE COMPANY,

Defendant.

AND RELATED COUNTER-CLAIMS.

Case No. 2:12-cv-02182-KJM-KJN

**STIPULATED CONFIDENTIALITY AGREEMENT; ~~PROPOSED~~ ORDER**

**CONFIDENTIALITY AGREEMENT**

Plaintiff and Counterdefendant Lennar Mare Island, LLC ("LMI"), Defendant, Counterclaimant and Counterdefendant Steadfast Insurance Company ("Steadfast"), and Counterdefendant and Counterclaimant CH2M HILL Constructors, Inc. ("CH2M HILL") enter into this Confidentiality Agreement for the purpose of assuring the confidentiality and protection of certain information that may be disclosed by third party Marsh, Inc. ("Marsh") to any party in the course of this litigation.

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111
TEL (415) 352-6200 • FAX (415) 352-6224

1. As used in this Confidentiality Agreement, the term "Confidential Information" includes any material or information that is disclosed by Marsh in the course of this litigation that is deemed in good faith by Marsh to be confidential or proprietary, and that has been designated as "Confidential" in the following way:

a. Information contained in any document, summary or part thereof may be so designated by marking the word "Confidential" on the document and all copies of it delivered to counsel for the receiving party, or by giving written notice to counsel for the receiving party, describing the document or part thereof either specifically or by category.

2. Confidential Information designated as "Confidential" that is disclosed by Marsh to any party during the course of this litigation:

a. shall only be used by the parties, their counsel, any independent expert witnesses,  advisors and consultants retained by a party in connection with the prosecution and defense of this litigation and for no other purpose;

b. shall not be published to the general public in any form by any party, their counsel, or any independent expert witnesses, advisors and consultants retained by a party to this litigation, nor used by any party, their counsel, or any independent expert witnesses, advisors and consultants retained by the a party for any business or commercial purpose; and

c. may be disclosed by counsel to the parties only to the following persons insofar as it is reasonably necessary to the prosecution or defense of this litigation:

i. attorneys of record for the parties to this litigation, including any attorneys employed by a law firm of record that represents a party;

ii. secretarial, clerical and paralegal or student personnel employed full-time or part-time by attorneys or a law firm that represents a party;

iii. a party or independent expert witnesses, advisors and consultants retained by a party in connection with this litigation;

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111
TEL (415) 352-6200 • FAX (415) 352-6224

iv. technical, secretarial, clerical or other personnel employed full-time or part-time by independent expert witnesses, advisors and consultants of a party;

v. the Court overseeing this litigation;

vi. court reporters or stenographers engaged to record deposition testimony, and their employees; and

vii. deposition witnesses at the time of deposition, in which case the party seeking to use the Confidential Information must take appropriate measures to ensure that the relevant portions of the deposition and deposition exhibits are marked Confidential;

viii. witnesses at trial, but specifically subject to the requirements of notice to counsel for Marsh as outlined in Paragraph 4, below;

ix. such other persons as may be authorized by agreement of the parties or by the Court upon motion of any party pursuant to the provisions of Paragraph 3, below. Nothing in this Confidentiality Agreement shall preclude a disclosure of information to any person who offered, prepared, previously had legal access to, was an addressee of, received a copy of such information prior to the date of this Confidentiality Agreement, or participated in the creation, compilation or production of such information.

3. In the event that any party desires that information designated as "Confidential" be disclosed, communicated, discussed, or made available to any person not otherwise authorized by this Confidentiality Agreement, the party wishing to disclose, communicate, discuss, or make available such information must submit to counsel for Marsh a written notice specifically identifying the information to be disclosed, and the name, title, and business relationship of the persons to whom counsel wishes to make such disclosure. Counsel for Marsh shall have 10 business days from the date of receipt of the notification to object to the disclosure to any person identified therein. If counsel for Marsh does not

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111
TEL (415) 352-6200 • FAX (415) 352-6224

respond in writing to the written notice of disclosure within 10 business days after receipt thereof, the persons named in the notice, subject to the terms and conditions of this Confidentiality Agreement, shall be entitled to receive the information specified in the notice, but no other materials subject to this Confidentiality Agreement. If any counsel for Marsh responds and objects to the disclosure request, and the parties subsequently are unable to agree on the terms and conditions of the requested disclosure, the party seeking disclosure may file a motion with the Court, served on counsel for all other parties and Marsh, setting forth the basis for seeking such disclosure, in which case, the requested disclosure shall only be made upon such terms as the Court shall provide.

4. A copy of this Confidentiality Agreement, together with the Acknowledgment agreeing to be bound by its terms in the form annexed hereto as Exhibit A, shall be delivered to each person identified in Paragraph 2(c) above to whom disclosure of Confidential Information will be made. The provisions of this Confidentiality Agreement shall be binding upon each such person to whom disclosure is made. Counsel disclosing the information to an authorized person(s) under Paragraph 2(c) above shall obtain and retain a signed copy of said Acknowledgment before any such person receives any Confidential Information.

5. If any party disputes the designation of information as “Confidential,” the party disputing the designation shall serve counsel for Marsh a written notice specifically identifying the challenged designation and the factual and legal basis for the challenge. Counsel for Marsh shall have 10 business days from the date of receipt of the notification to respond to the challenge. If counsel for Marsh does not respond in writing to the written notice of challenge of designation, then the party seeking to remove the designation may request relief from the Court upon notice to counsel for all parties and Marsh. Until the Court resolves the dispute, all materials designated as “Confidential” shall be treated according to their designation. The party in whose favor such application or motion is resolved by the Court may, in the Court’s discretion, be entitled to recover attorneys’ fees and costs incurred in connection with such application or motion.

6. The provisions of this Confidentiality Agreement, specifically including Paragraph 2, shall not be construed as preventing any disclosure or use of Confidential Information by Marsh in any way.

7. Before filing with the Court any pleading, motion, application, memorandum of law, or other paper that in any manner quotes, paraphrases, attaches as an exhibit or otherwise discloses information that has been designated by Marsh as Confidential Information, the party that intends to file such pleading, motion, application, memorandum of law or other paper, shall do so under seal or provide counsel for Marsh 10 days prior written notice specifically identifying the Confidential Information intended to be disclosed so that Marsh may make a sealing application to the Court if Marsh deems that one is necessary.

8. The inadvertent production of information or documents by Marsh to any party for inspection and copying shall not itself be deemed to waive any claim of attorney-client privilege, or attorney work product protection that might exist with respect to such document or other documents or communication, written or oral, including with limitation, other communications referred to in the documents or information produced.

9. In the event any Confidential Information of Marsh is the subject of a subpoena or order requiring its disclosure, the recipient of the subpoena or order will provide immediate notice to Marsh through its counsel. The recipient of the subpoena or order shall not object to Marsh's appearance to protect its interest in maintaining the information as confidential. The recipient of the subpoena or order will not respond to any such subpoena or order until Marsh has a reasonable opportunity to seek appropriate relief from the Court, including but not limited to, a motion for a protective order; however, nothing in this paragraph shall preclude the recipient of a subpoena from complying with the subpoena or a court order to produce should Marsh not secure relief from the Court by the last day the recipient has to comply with the subpoena or order.

10. All materials, including, but not limited to, materials designated as "Confidential", and all copies thereof, shall be either destroyed or returned to Marsh, per Marsh's

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111
TEL (415) 352-6200 • FAX (415) 352-6224

instructions, within thirty (30) days after the conclusion of this litigation including any appeals. Counsel for the receiving party shall certify in writing to counsel for Marsh that said materials have been destroyed or returned per Marsh's instructions, or otherwise disposed of as ordered by the Court, within thirty (30) days after the conclusion of this litigation including any appeals.

Dated: September 4, 2014

Respectfully submitted,

**SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC**
*Attorneys for Steadfast Insurance Company*

By: */s/ J. Karren Baker*
J. Karren Baker
*kbaker@spcclaw.com*

**PENNINGTON LAWSON LLP**
*Attorneys for Plaintiff Lennar Mare Island, LLC*

By: */s/ Ryan L. Werner*
Ryan L. Werner
*rwerner@penningtonlawson.com*

**FARELLA BRAUN + MARTEL LLP**
*Attorneys for CH2M HILL Constructors, Inc.*

By: */s/ Deborah S. Ballati*
Deborah S. Ballati
*dballati@fbm.com*

**FAEGRE BAKER DANIELS LLP**
*Attorneys for Third Party Marsh, Inc.*

By: */s/ Heather Carson Perkins*
Heather Carson Perkins
*heather.perkins@FaegreBD.com*

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111
TEL (415) 352-6200 • FAX (415) 352-6224

**ORDER**

**IT IS SO ORDERED:**

**Dated: September 8, 2014**

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC
TWO EMBARCADERO CENTER, SUITE 1410
SAN FRANCISCO, CALIFORNIA 94111
TEL (415) 352-6200 • FAX (415) 352-6224