UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENNAR MARE ISLAND, LLC, | No. 2:12-cv-2182 KJM KJN |
| Plaintiff, | |
| v. | ORDER |
| STEADFAST INSURANCE COMPANY, et al., | |
| Defendants. | |

Presently before the court is a motion to compel filed on August 6, 2014 by plaintiff/counter-defendant Lennar Mare Island, LLC ("LMI") (ECF Nos. 124.) Counter-claimant/counter defendant CH2M Hill Constructors, Inc. ("CCI") joined LMI in its motion to compel. (ECF No. 125.) The parties filed a joint statement and supporting documentation regarding the motion on August 21, 2014.

A hearing on the motion was conducted on September 18, 2014. Attorney Ryan L. Werner appeared on behalf of LMI. Attorneys Jane K. Baker, Ethan Miller, and Cristin Morneau appeared on behalf of Steadfast. Attorney Amanda Hairston appeared on behalf of CCI. For the reasons stated and the guidance provided on record by the court at the hearing, the court hereby orders the following:

////

////

1.       Within 21 days from the date of this order, the parties shall meet in person to discuss which documents contested in the motion to compel have already been produced by Steadfast, develop a timeline for further document production, and schedule an additional meeting to address the parties' disagreements concerning the documents LMI and CCI identify in the motion to compel as well as any other withheld documents that are disputed but not expressly addressed by that motion.  Lead counsel for each party in this case shall attend and participate in the in-person meeting.  The parties shall work with one another to set an agreed-upon date, time, and location to hold the in-person meeting within the 21-day deadline set out above.  No extensions of time will be granted.

2.       After the parties have finished their in-person meeting, and still within 21 days from the date of this order, the parties shall file a *joint* status report[1] stating the exact calendar dates that the parties have agreed upon regarding when further batches of document production are to be furnished by Steadfast to LMI and CCI and the date the parties intend to meet and confer with one another regarding the issues presented by the present motion.  The joint report shall further describe what progress, if any, the parties have made in addressing the contentions highlighted in LMI and CCI's present motion to compel.

3.       LMI and CCI's August 6, 2014 motion to compel (ECF No. 124) is denied without prejudice to later renewal.  The court does not rule on the substantive issues presented by the motion to compel at this time.  Nevertheless, the parties should take into consideration the court's advisory comments made during the hearing concerning the substance of the issues identified in the motion when the parties engage in their further meet and confer and production efforts.  If after the parties have met, LMI or CCI, or both, determine, in good faith, that Steadfast continues to withhold otherwise discoverable documents on an improper legal basis, then that party, or both

---

[1] When the court refers to the status report being a "joint" status report, the court means that the parties shall actually collaborate in developing the report rather than each party independently developing its own portion of the statement and then sending it to the filing party's counsel for inclusion into the report.  The court cautions the parties that if the court later learns that the parties engaged in such a practice when developing the joint status report, then appropriate sanctions may issue.

parties, shall file a renewed motion to compel that sets forth which specific documents they seek to compel and provides reasons why *all* of the privileges asserted as to each individual document are legally insufficient.[2]  Furthermore, any future motions to compel filed in this case shall also be accompanied by a declaration by counsel for the moving party stating that he or she has met and conferred with opposing counsel prior to filing the motion regarding the issues set forth in the motion, the date the parties held that meeting, how long that meeting lasted, and what, if anything, was accomplished by the parties during that meeting regarding the issues presented in the motion.

IT IS SO ORDERED.

Dated:  September 24, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The court notes that if, after the parties have met and conferred as directed above, the parties determine that a further motion to compel will be necessary to address remaining discovery issues, such a future motion to compel may also address the issue raised in the supplemental declaration of Ryan Werner (ECF No. 147) and by LMI's counsel at the hearing concerning the genuineness of certain email messages attached to the declaration of J. Karren Baker in support of Steadfast's opposition to the present motion to compel (ECF No. 132).