UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENNAR MARE ISLAND, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>STEADFAST INSURANCE COMPANY, et al.,<br><br>    Defendants. | No. 2:12-cv-2182-KJM-KJN<br><br><br>ORDER |

    Presently pending before the court are four motions to compel, two filed by plaintiff/counter-defendant Lennar Mare Island, LLC ("LMI"), and the other two filed by defendant/counterclaimant Steadfast Insurance Company ("Steadfast"). (ECF Nos. 234, 235, 247, 248.) Through one of its motions, LMI seeks to compel Steadfast to produce certain underwriting files LMI claims Steadfast previously stated it would produce, but which LMI cannot locate in its review of the documents Steadfast has produced thus far. (ECF No. 234.) LMI's other motion seeks to compel Steadfast to provide testimony regarding certain topics set out in LMI's Rule 30(b)(6) amended notice of deposition. (ECF No. 235.) Through its first motion, Steadfast seeks to compel LMI "to provide further testimony regarding its knowledge of the scope and extent of the environmental conditions at Mare Island prior to inception of the policies at issue in this litigation." (ECF No. 247.) Through its second motion, Steadfast seeks to compel LMI to provide testimony concerning whether the United States Navy ("Navy") paid for

1

LMI's legal expenses incurred in its pursuit of benefits under the insurance policy at issue and, if so, whether LMI either has been reimbursed by the Navy for such expenses, or has an agreement with the Navy that the Navy will reimburse LMI for such expenses at a later time.

The parties did not timely file a joint statement with respect to any of the four motions. Instead, the parties filed declarations by their respective counsel addressing the parties' motions. (ECF Nos. 255, 256.)

A hearing on the motions was conducted on April 2, 2015. (ECF No. 102.) Attorney Ryan Werner appeared on behalf of LMI. Attorneys Brandon Rainey and Ethan Miller appeared on behalf of Steadfast. Attorney Amanda Hairston appeared telephonically on behalf of counterclaimant/counterdefendant CH2M Hill Constructors, Inc ("CCI"). After considering the parties' filings, supporting documentation, and the oral argument at the hearing, the court denies both of LMI's motions to compel without prejudice, denies Steadfast's motion to compel filed at ECF No. 247 without prejudice, and partially grants Steadfast's motion to compel filed at ECF No. 248 insofar as LMI will be directed to produce to Steadfast any written agreements it has entered into with the Navy that establish that the Navy is assisting LMI in its payment of attorneys' fees in this litigation and that the Navy is entitled to reimbursement for some or all of the attorneys' fees for which it is paying.

I. BACKGROUND

The background facts are taken from the parties' declarations unless otherwise indicated.[1] The Navy operated a base at Mare Island in the City of Vallejo, California from 1852 to 1996. (ECF No. 63 at 2 (a prior Joint Statement).) The Navy's operations at this base resulted in contamination of certain sites located on Mare Island, requiring the Navy to investigate and remediate. (Id.) The Navy closed its base on Mare Island in 1996. (Id.) In 2002, the Navy conveyed title to the land of its former naval base to the City of Vallejo ("City"), and the City then conveyed title to a portion of the base known as the Eastern Early Transfer Parcel ("EETP") to LMI. (Id.)

---

[1] The parties rely entirely on the factual background stated in a joint statement filed in connection with a previous discovery dispute (ECF No. 63) for all of the present motions to compel.

In 2001, the Navy and the City entered into an Environmental Services Cooperative Agreement ("ESCA") in anticipation of these transfers. (Id.) Under the terms of the ESCA, the Navy agreed to pay the City $77.67 million, and the City agreed to perform, environmental remediation of certain "Known Conditions" at the EETP. (Id.) The ESCA defined Known Conditions by reference to tables and figures identifying specific sites and contaminants and defined any condition that was a not a Known Condition as an "Unknown Condition." (Id.) The City had no responsibility under the ESCA for certain items referred to as "Navy Retained Conditions." (Id.)

Also in anticipation of the land transfers, the City and LMI entered into the Mare Island Remediation Agreement ("MIRA"). (Id. at 2-3.) In the MIRA, LMI agreed to undertake the City's remediation obligations under the ESCA. (Id. at 3.)

LMI hired CCI to perform remediation construction at Mare Island by entering into the Guaranteed Fixed Price Contract ("GFPC"). (Id.) The GFPC required CCI to perform "certain environmental services related to the remediation of contamination in the EETP." (Id.) Among these services was the "cleanup of specified Known Conditions" for a fixed price of $70.45 million. (Id.) The GFPC also stated that CCI would be required to cleanup Unknown Conditions under certain circumstances, "for additional compensation, when requested to do so by LMI." (Id.)

In addition, LMI and CCI each signed onto separate insurance policies with Steadfast. The insurance policy between Steadfast and CCI is the "RSL Policy," which provided coverage to CCI in the event that the cost of cleanup of "Known" Pollution Conditions exceeded a specified threshold of $57.5 million. (Id. at 3-4.) The insurance policy between Steadfast and LMI is the "ELI Policy," which "provides coverage to LMI for the cost of remediating pollution conditions that are not Known Pollution Conditions . . . as well as coverage for a list of special conditions described in an endorsement." (Id. at 3.)

The action brought by LMI against Steadfast involves seven sites in the EETP. (Id. at 5.) LMI generally alleges that Steadfast committed: (1) intentional interference with contract (i.e., LMI's contract with CCI); (2) breach of contract (between LMI and Steadfast); (3) tortious

breach of the implied covenant of good faith and fair dealing; and (4) that LMI is entitled to declaratory relief. (ECF No. 1, Ex. A at 1-6.)

Of particular relevance to the discovery disputes before the court is LMI's claim against Steadfast for tortious breach of the implied covenant of good faith and fair dealing because LMI seeks to recover it attorneys' fees incurred in pursuit of obtaining its benefits under the ELI policy as an item of damages for this claim (ECF No. 22 at ¶ 31), and Steadfast seeks to compel testimony regarding the Navy's involvement in paying for those fees.

II.     DISCUSSION

As an initial matter, the court reiterates that for all future discovery disputes in this action, counsel for the parties are required to meet and confer ***in person prior to filing a motion to compel***.  Furthermore, the moving party is required to file a declaration by its counsel along with the parties' joint statement that details the parties' in-person meet and confer efforts, what was accomplished through those efforts, and any other information regarding the meet and confer conference that counsel believes should be brought to the court's attention.  Failure to file such a declaration will result in a summary denial of the motion.  The parties are cautioned that the court will not hesitate to issue appropriate sanctions against counsel for either or both parties for failure to comply with these requirements or for engaging in purposefully obstructive behavior with regard to any future discovery-related matters.

A.     LMI's Motions to Compel

The parties did not file a joint statement in compliance with Local Rule 251 with regard to either of LMI's motions to compel. Instead, LMI's counsel filed a declaration detailing the parties' discovery-related history in this action and stating that he did not file a joint statement with regard to these motions because he believed that the draft joint statement the parties had developed did not reflect a truly collaborative effort that would comply with the Local Rules and the undersigned's prior orders regarding how the parties are to address their discovery disputes to the court.  While the court appreciates LMI's counsel's concern for ensuring that the parties engage in a truly collaborative process, it does not excuse the fact that LMI did not provide the court with a joint statement with respect to either of its motions.

Local Rule 251(d) permits a moving party to file and serve a declaration setting forth "the nature and extent of counsel's efforts to . . . procure the required joint statement, the opposing counsel's responses or refusals to respond to those efforts, the issues to be determined at the hearing, and the moving party's contentions with regard to the issues." However, the declaration LMI filed in lieu of a joint statement did not discuss the issues to be determined at the hearing with respect to each motion and LMI's contentions with regard to those issues. Because LMI failed to produce a joint statement of the parties' dispute or a declaration in conformance with Local Rule 251(d) with respect to either of its motions to compel, both will be denied without prejudice.

### B.     Steadfast's Motions to Compel

As an initial matter, the court notes that counsel for both parties stated on the record during the hearing on this matter that they have resolved their dispute regarding Steadfast's motion to compel LMI to provide testimony regarding its knowledge of the scope and extent of the environmental conditions at Mare Island prior to inception of the policies at issue in this litigation. Moreover, Steadfast failed to file a joint statement with respect to this dispute. Because Steadfast failed to file a joint statement in accordance with Local Rule 251 and because it appears that the parties have resolved this dispute, this motion will be denied without prejudice.

With respect to Steadfast's remaining motion to compel, the court notes that the parties also did not submit a formal joint statement. Instead, Steadfast filed a declaration by its counsel that sets forth the parties' meet and confer efforts regarding the dispute and describes the parties' disagreements regarding the content of the draft joint statement the parties had prepared. (ECF No. 255.) Steadfast's counsel attached to this declaration the draft proposed joint statement that he had provided to LMI's counsel and the draft LMI's counsel returned to Steadfast's counsel that contained LMI's position and proposed revisions. (ECF Nos. 255-2, 255-6.) However, neither version of the attached joint statement was signed by counsel for either party.

Steadfast's counsel represents in his declaration that he would not agree to LMI's proposed revisions and that LMI's counsel refused to sign the joint statement originally proposed by Steadfast on the basis that he did not agree with Steadfast's characterization of certain facts.

Because of this dispute as to the content of the joint statement, Steadfast's counsel filed his declaration pursuant to Local Rule 251(d) and urges the court to exercise its discretion under this local rule to grant the motion on the basis that LMI's counsel did not sign the proposed joint statement. The court declines to do so, however, because the proposed joint statement attached to Steadfast's declaration presents a genuine dispute between the parties as to whether the material Steadfast seeks to compel should be produced. Accordingly, the court addresses herein the merits of this motion.

Through this motion, Steadfast requests that the court compel LMI to produce information regarding LMI's claim for attorneys' fees that were incurred in pursuit of its benefits under the ELI policy. Particularly, Steadfast requests that LMI be compelled to provide information regarding whether the Navy "has (1) paid for LMI's legal expenses incurred in pursuit of benefits under the insurance policies at issue, (2) has been reimbursed [by] LMI for any such expenses, or (3) has entered into an agreement with respect to such a reimbursement arrangement." (ECF No. 255-6 at 4.)

Under California law, "[w]hen an insurer breaches the covenant of good faith and fair dealing, its insured is entitled to recover the reasonable attorneys' fees it incurs in obtaining policy benefits, i.e., fees incurred in litigating the breach of contract portion of th[e] action." Concept Enterprises, Inc. v. Hartford Ins. Co. of the Midwest, 2001 WL 34050685, at *7 (C.D. Cal. May 22, 2001) (citing Brandt v. Superior Court, 37 Cal.3d 813, 817 (1985). These fees are called Brandt fees, after the California Supreme Court's decision that developed this rule. In Brandt, the Court held that attorneys' fees incurred in pursuit of obtaining policy benefits that were wrongfully withheld by the insurer in bad faith are recoverable because "[t]he attorney's fees are an economic loss – damages – proximately caused by the tort," i.e., the insurer's breach of the covenant of good faith and fair dealing. 37 Cal. 3d at 817.

In order to recover Brandt fees, a plaintiff must be able to separate out its litigation expenses such that it can clearly demarcate the fees that are attributable to its pursuit of the benefits it is entitled to under the policy, which are recoverable as Brandt fees, from "the fees expended on obtaining amounts in excess of the policy, such as consequential damages, [which]

aren't recoverable." Slottow v. Am. Cas. Co. of Reading, Pennsylvania, 10 F.3d 1355, 1362 (9th Cir. 1993) (citing Brandt, 37 Cal.3d at 817); see also Cassim v. Allstate Ins. Co., 33 Cal. 4th 780, 813 (2004) (citing Slottow, 10 F.3d at 1362)). Therefore, the party seeking Brandt fees must be able to provide evidence that the attorneys' fees for which it seeks to recover as Brandt fees were incurred specifically for the purpose of obtaining what it is entitled to under the policy.

Here, Steadfast asserts that information concerning whether the Navy is paying for LMI's legal expenses incurred in its pursuit of benefits under the insurance policy at issue and whether LMI is obligated to reimburse the Navy for such expenses is relevant to LMI's claim for Brandt fees, therefore making it discoverable. In particular, Steadfast asserts that such information is relevant to determining whether and to what extent LMI has actually incurred any Brandt fees because LMI could not have been damaged or suffered any loss for legal expenses paid for on its behalf by a third party. The court disagrees.

The California Supreme Court developed its rule in Brandt on the reasoning that attorneys' fees incurred in litigating the breach of contract portion of a bad faith action are considered as economic damages, rather than as typical attorneys' fees, because such an expense is proximately caused by the insurer's tortious action of purposefully withholding in bad faith the benefits owed to the insured. 37 Cal. 3d at 819 ("[W]hen the insurer's conduct is unreasonable, a plaintiff is allowed to recover for all detriment proximately resulting from the insurer's bad faith, which detriment . . . includes those attorney's fees that were incurred to obtain the policy benefits and that would not have been incurred but for the insurer's tortious conduct."). Because these fees are like other economic damages proximately caused by a defendant's tortious action, the substantive aspect of California's collateral source rule would apply to any payments that the Navy may have made or will make towards LMI's attorneys' fees incurred in pursuit of obtaining benefits under its policy. "The Supreme Court of California has long adhered to the doctrine that if an injured party receives some compensation for his injuries from a source wholly independent of the tortfeasor, such payment should not be deducted from the damages which the plaintiff would otherwise collect from the tortfeasor." Helfend v. S. Cal. Rapid Transit Dist., 2 Cal. 3d 1, 6 (1970); see also Howell v. Hamilton Meats & Provisions, Inc., 52 Cal. 4th 541, 551 (2011)

("Payments made to or benefits conferred on the injured party from other sources [i.e., those unconnected to the defendant] are not credited against the tortfeasor's liability, although they cover all or a part of the harm for which the tortfeasor is liable."). Under this doctrine, Steadfast would be barred from deducting any amounts paid by the Navy or another third party from the total Brandt fees it would owe were it found liable for LMI's bad faith claim. Because of this, the information Steadfast seeks to compel with regard to the amount of LMI's attorneys' fees the Navy has or will pay is irrelevant to LMI's Brandt fees claim. Furthermore, there is no indication that information relating to the amounts the Navy has or will pay would likely lead to the discovery of other evidence relevant to this issue that would be admissible at trial concerning liability. Therefore, what Steadfast seeks to compel does not meet the relevance threshold provided by Federal Rule of Civil Procedure 26(b)(1) insofar as it concerns information as to the amounts of LMI's legal fees for which the Navy has paid or will pay. Accordingly, the court denies Steadfast's motion to the extent it seeks to compel such information.

Furthermore, it appears that at least some of the material Steadfast seeks to compel, in particular, information concerning LMI's legal bills, may relate to LMI's litigation strategy, such as descriptions of the legal services for which the Navy may be paying. Because of this fact, the court finds that production of such information is inappropriate at this pre-trial juncture. Therefore, the court also denies Steadfast's motion to the extent that it seeks such information.

Nevertheless, as expressed at the hearing, the court directs LMI to produce to Steadfast any written agreement or agreements it has entered into with the Navy that establish that the Navy is assisting LMI in its payment of attorneys' fees in this litigation and that the Navy is entitled to reimbursement for some or all of the attorneys' fees for which it is paying. Because the Navy is also a co-insured under the policy between LMI and Steadfast that stands to also benefit from an outcome favorable to LMI, such information is relevant for Steadfast to determine how LMI and the Navy are postured with respect to one another and the other parties in this litigation. Furthermore, LMI stated in the parties' joint statement regarding this dispute and on the record during the hearing that it is willing to provide Steadfast with testimony sufficient to establish "the extent of any Navy financial participation in LMI's coverage litigation expense and whether that

1 participation is subject to a right of reimbursement from any award to LMI." (ECF No. 255-6 at
2 11.) Production of these agreements would provide Steadfast with such information. Therefore,
3 the court directs LMI to produce these documents to Steadfast by no later than 5:00 p.m. on April
4 15, 2015. Any documents produced to Steadfast in compliance with this order shall *not* include
5 any redactions of any information other than that which would reveal the amounts of LMI's legal
6 fees for which the Navy is paying or narrative descriptions of the legal services being provided to
7 LMI.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. LMI's motions to compel (ECF Nos. 234, 235) are DENIED without prejudice.
2. Steadfast's motion to compel filed at ECF No. 247 is DENIED without prejudice.
3. Steadfast's motion to compel filed at ECF No. 248 is GRANTED insofar as the court directs LMI to produce to Steadfast any written agreements it has entered into with the Navy that establish that the Navy is assisting LMI in its payment of attorneys' fees in this litigation and that the Navy is entitled to reimbursement for some or all of the attorneys' fees for which it is paying. The motion is DENIED without prejudice in all other respects.
4. LMI is directed to produce to Steadfast by no later than 5:00 p.m. on April 13, 2015, any written agreement or agreements it has entered into with the Navy that establish that the Navy is assisting LMI in its payment of attorneys' fees in this litigation and that the Navy is entitled to reimbursement for some or all of the attorneys' fees for which it is paying.
5. With respect to any future motions to compel, the moving party shall file a declaration by its counsel accompanying its motion that details the parties' ***in-person*** meet and confer efforts, what was accomplished through those efforts, and any other information regarding

////
////
////
////
////

the meet and confer conference that counsel believes should be brought to the court's attention. Failure to file such a declaration will result in a summary denial of the motion.[2]

IT IS SO ORDERED.

Dated: April 7, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The parties are informed that if a genuine evidentiary dispute arises between them during any further depositions in this matter, the parties may contact the undersigned's courtroom deputy at (916) 930-4187 to schedule an informal telephonic conference with the undersigned to address the parties' issues.