QUINN EMANUEL URQUHART & SULLIVAN, LLP
  Dale H. Oliver (State Bar No. 155467)
  daleoliver@quinnemanuel.com
  John S. Purcell (State Bar No. 158969)
  johnpurcell@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Defendant, Counterclaimant and Counterdefendant Steadfast Insurance Company

FARELLA BRAUN + MARTEL LLP
  Deborah S. Ballati (State Bar No. 067424)
  dballati@fbm.com
  Amanda D. Hairston (State Bar No. 251096)
  Ahairston@fbm.com
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile: (415) 954-4480

Attorneys for Counterdefendant and Counterclaimant CH2M Hill Constructions, Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| LENNAR MARE ISLAND, LLC,<br><br>　　　　Plaintiff,<br>　　vs.<br>STEADFAST INSURANCE COMPANY,<br><br>　　　　Defendant. | CASE No. 2:12-cv-02182-KJM-KJN<br><br>STIPULATION AND ORDER RE: TRANSITION AND TRANSFER OF WORK PRODUCT |
| STEADFAST INSURANCE COMPANY,<br><br>　　　　Counterclaimant,<br>　　vs.<br>LENNAR MARE ISLAND, LLC, and CH2M HILL CONSTRUCTORS, INC.,<br><br>　　　　Counterdefendants. | **Trial Date:  August 29, 2016**<br><br>**Final Status Conference Date: August 1, 2016** |

| | |
|---|---|
| 1 | CH2M HILL CONSTRUCTORS, INC., |
| 2 | |
| 3 | Counterclaimant,<br>vs. |
| 4 | STEADFAST INSURANCE COMPANY, |
| 5 | Counterdefendant. |

On April 7, 2015, this Court granted Counterclaimant CH2M HILL Constructors, Inc. ("CCI")'s motion to disqualify Hogan Lovells US LLP ("Hogan Lovells") as counsel for Defendant, Counterclaimant and Counterdefendant Steadfast Insurance Company ("Steadfast"). On April 22, 2015, Quinn Emanuel Urquhart and Sullivan ("Quinn Emanuel") substituted in as counsel for Steadfast.  Counsel for Steadfast and CCI have conferred on how best to transition the case files and information from Hogan Lovells to Quinn Emanuel, and have agreed as follows:

(1) Quinn Emanuel may receive from Hogan Lovells all document productions by all parties, including third parties.  Said documents may be transferred with any coding performed by either Sinnott, Puebla, Campagne & Curet ("Sinnott Puebla") or Hogan Lovells, or by others at their direction.

(2) Quinn Emanuel may receive from Hogan Lovells all filed and/or served final pleadings, including served discovery, as well as all deposition transcripts and videos.

(3) Quinn Emanuel may also receive all work product created by Hogan Lovells and any consultants or experts retained by Hogan Lovells and all communications by Hogan Lovells, except for any work product or communications relating to CH2M HILL Companies, Ltd.'s ("CH") or CCI's financial or accounting information and procedures , or any work product or communications related to CCI and/or CH created before Hogan Lovells erected an ethical wall in this matter ("Protected Information").

(4) Counsel for Sinnott Puebla shall review all Hogan Lovells work product prior to the transfer of files to Quinn Emanuel in order to verify that no Protected Information is shared with Quinn Emanuel.  Should Sinnott Puebla identify any such Protected Information, it will ensure it is redacted from any work product before it is transferred to Quinn Emanuel.

(5)     Other than is necessary for its review to comply with this agreement, Sinnott Puebla will not retain any work product or communications from Hogan Lovells that relate to Protected Information, and will not transfer those documents to Quinn Emanuel or otherwise discuss them with Quinn Emanuel.  To the extent that Hogan Lovells has already transmitted documents relating to Protected Information to Steadfast, Sinnott Puebla, or any experts or consultants, such documents will not be transmitted to Quinn Emanuel.

(6)     Representatives of Quinn Emanuel may communicate regarding this matter with representatives of Hogan Lovells for the next 30 days regarding the logistics of transferring the documents referenced herein as well as claims asserted against Steadfast by Lennar Mare Island, LLC, but Hogan Lovells and Quinn Emanuel may not discuss Protected Information, CCI's claims against Steadfast, or the claims asserted against CCI by Steadfast including those set forth in Steadfast's Proposed First Amended Counterclaim.  After the expiration of this 30-day period, there shall be no further communication between Hogan Lovells and either Quinn Emanuel, Sinnott Puebla, Steadfast Insurance Company, any experts or consultants, actual or potential witnesses, or anyone else specifically regarding this matter (other than brief communications relating to purely ministerial/logistical aspects of the file transfer).  Further, Quinn Emanuel will have no communications whatsoever with any Hogan Lovells' personnel who currently work on or have ever worked on matters for CCI or CH.

(7)     After the transition is complete, Hogan Lovells, Sinnott Puebla and Quinn Emanuel will submit written certification under penalty of perjury to the Court that they complied with the terms of this stipulation throughout the transfer process.

//
//
//
//

(8) Absent an explicit order from the Court to the contrary, this agreement shall be binding on the parties hereto as of the date it is signed by said parties, regardless of when, or if, it is signed by the Court.

Date: June 15, 2015

SINNOTT, PUEBLA, CAMPAGNE & CURET, APLC

By: /s/ W. David Campagne
W. David Campagne

Attorneys for Defendant, Counterclaimant and Counterdefendant Steadfast Insurance Company

Date: June 15, 2015

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: /s/ Dale H. Oliver
Dale H. Oliver

Attorneys for Defendant, Counterclaimant and Counterdefendant Steadfast Insurance Company

Date: June 16, 2015

FARELLA, BRAUN + MARTEL LLP

By: /s/ Deborah S. Ballati
Deborah S. Ballati

Attorneys for Counterdefendant and Counterclaimant CH2M Hill Constructors, Inc.

**ORDER**

IT IS SO ORDERED:

Dated: August 7, 2015

UNITED STATES DISTRICT JUDGE