UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENNAR MARE ISLAND, LLC, | No. 2:12-cv-02182-KLM-KJN |
| Plaintiff, | |
| v. | ORDER |
| STEADFAST INSURANCE COMPANY, | |
| Defendant. | |
| AND RELATED COUNTERCLAIMS | |

On August 7, 2015, the court heard oral argument on Lennar Mare Island, LLC's (LMI's) motion for partial summary judgment on the definition of "Known Pollution Condition." ECF No. 187. At the hearing, Steadfast Insurance Company's counsel, who associated as counsel after Steadfast filed its brief in opposition to LMI's motion, argued LMI's motion must be denied in light of the parties' course of conduct or course of performance.

Upon review of the briefing and consideration of the argument, Steadfast is granted leave to file a supplemental brief to address the following:

(1) Under California law, is an ambiguous contract term a prerequisite to admission of extrinsic evidence of the contracting parties' course of performance? *See, e.g.*, *Epic Commc'ns, Inc. v. Richwave Tech., Inc.*, 237 Cal. App. 4th 1342, 1355 & n.13 (2015).

1

    (2) Where in the briefing on file, if at all, has Steadfast cited to portions of the record to show there is a genuine dispute of material fact whether the parties' course of performance explained or supplemented the ELI policy's definition of "Known Pollution Condition"? *See, e.g., Employers Reinsurance Co. v. Superior Court*, 161 Cal. App. 4th 906, 920–25 (2008).

    Steadfast's supplemental brief, which may not exceed ten pages, shall be filed within fourteen days.  LMI is granted leave to file a supplemental reply, no longer than ten pages, within fourteen days of Steadfast's filing of any supplemental brief.

    IT IS SO ORDERED.

DATED: August 14, 2015.

                _____
                 UNITED STATES DISTRICT JUDGE