QUINN EMANUEL URQUHART & SULLIVAN, LLP
Dale H. Oliver (State Bar No. 155467)
daleoliver@quinnemanuel.com
John S. Purcell (State Bar No. 158969)
johnpurcell@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

SINNOTT, PUEBLA, CAMPAGNE & CURET
William David Campagne (State Bar No. 111372)
dcampagne@spcclaw.com
Two Embarcadero Center, Suite 1410
San Francisco, CA 94111
Telephone: (415) 325-6200
Facsimile: (415) 352-6224

Attorneys for Defendant Steadfast Insurance Company

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENNAR MARE ISLAND, LLC,<br><br>    Plaintiff,<br><br>  vs.<br><br>STEADFAST INSURANCE COMPANY,<br><br>    Defendant. | No. 2:12-cv-02182-KJM-KJN |
| LENNAR MARE ISLAND, LLC,<br><br>    Plaintiff,<br><br>  vs.<br><br>STEADFAST INSURANCE COMPANY,<br><br>    Defendant. | No. 2:16-cv-00291-KJM-KJN<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT;** ~~PROPOSED~~ **ORDER** |
| AND ALL RELATED COUNTER-CLAIMS AND CROSS-CLAIMS | |

### **CONFIDENTIALITY AGREEMENT**

    1.    Plaintiff and Counterdefendant Lennar Mare Island, LLC ("LMI"),

Defendant, Counterclaimant and Counterdefendant Steadfast Insurance Company ("Steadfast"), Counterdefendant and Counterclaimant CH2M HILL Constructors, Inc. ("CH2M HILL"), Intervenor United States of America ("United States"), and third parties General Reinsurance Corporation; Odyssey Reinsurance Company; Swiss Re America Holding Corporation; Transatlantic Reinsurance Company (collectively "Reinsurers") and Guy Carpenter & Company, LLC ("Guy Carpenter") enter into this Confidentiality Agreement for the purpose of assuring the confidentiality and protection of certain information that may be disclosed by the third-party Reinsurers and Guy Carpenter.

2. As used in this Confidentiality Agreement ("Agreement"), the following terms have the following meanings for the purposes of this Agreement:

    a. "Confidential Information" means those portions of the material or information from the Production that are designated by the Reinsurers or Guy Carpenter as confidential pursuant to this Agreement;

    b. "Party" or "Parties" means one or more of the parties to this litigation;

    c. "Production" means only those documents that are produced by the Reinsurers or Guy Carpenter in this litigation pursuant to the subpoenas issued by LMI on September 8, 2016;

3. Steadfast, the Reinsurers and Guy Carpenter contend that the Production contains confidential commercial information of a proprietary nature.

4. The purpose of this agreement is to protect confidential information contained in the Production.

5. To designate any page of the Production as Confidential Information subject to protection under this Agreement, the Reinsurers or Guy Carpenter shall mark that page with the word CONFIDENTIAL at the time of production.

6. The Receiving Parties shall keep Confidential Information in a manner reasonably calculated to preserve the confidentiality of that material.

7. Confidential Information that is disclosed by the Reinsurers or Guy Carpenter during the course of this litigation:

**1**  a. shall only be used by the Receiving Parties, their counsel, any
**2** independent expert witnesses, advisors and consultants retained by a Party in connection
**3** with the prosecution and defense of this litigation and for no other purpose;
**4**  b. shall not be published to the general public in any form by any Party,
**5** their counsel, or any independent expert witnesses, advisors and consultants retained by a
**6** Party to this litigation, nor used by any Party, their counsel, or any independent expert
**7** witnesses, advisors and consultants retained by a Party for any business or commercial
**8** purpose; and
**9**  c. may be disclosed by counsel for any of the Parties only to the following
**10** persons insofar as it is reasonably necessary to the prosecution or defense of this litigation:
**11**  i. attorneys for any of the Parties, including in-house counsel who are
**12**   participating or assisting in the conduct of this litigation, and their
**13**   employees and contractors who are working under such attorneys'
**14**   supervision;
**15**  ii. any current or former director, officer, employee, or agent of a Party who
**16**   is involved in the prosecution or defense of this litigation, including
**17**   anyone responsible for the supervision or settlement of this litigation;
**18**  iii. Party or independent expert witnesses, advisors and consultants
**19**   retained by a Party in connection with this litigation, and their
**20**   employees and contractors who are working under their supervision;
**21**  iv. Party witnesses whose statement or testimony (whether at deposition
**22**   or trial) is taken in this action, including during preparation for giving
**23**   testimony;
**24**  v. the Court, its personnel, and any trier of fact;
**25**  vi. court reporters or stenographers engaged to record deposition
**26**   testimony, and their employees;
**27**  vii. deposition witnesses at the time of deposition, in which case the Party
**28**   seeking to use the Confidential Information must take appropriate

|     |       |                                                                              |
| --- | ----- | ---------------------------------------------------------------------------- |
| 1   |       | measures to ensure that the relevant portions of the deposition and          |
| 2   |       | deposition exhibits are marked Confidential;                                 |
| 3   | viii. | witnesses at trial;                                                          |
| 4   | ix.   | commercial photocopy, imaging, and document management services,             |
| 5   |       | solely to the extent reasonably necessary for the prosecution or defense     |
| 6   |       | of this action; and                                                          |
| 7   | x.    | such other persons as may be authorized by agreement of the parties or       |
| 8   |       | by the Court upon motion of any Party pursuant to the provisions of          |
| 9   |       | Paragraph 10, below;                                                         |

however, nothing in this Agreement shall preclude a disclosure of Confidential Information to any person who offered, prepared, previously had legal access to, was an addressee of, received a copy of such information prior to the date of this Agreement, or participated in the creation, compilation or production of such information.

8.  The United States agrees to protect the Confidential Information to the full extent allowed by federal law.  The United States shall use the Confidential Information only for purposes of this lawsuit, except that nothing in this Agreement shall affect the law enforcement, police and/or regulatory powers of the United States, including, without limitation, any rights, powers, claims or defenses the United States may have under federal or other law, including, without limitation, criminal, tax, fraud, antitrust, labor, False Claims Act, or environmental laws.

9.  If any Party disputes the designation of information as "Confidential," the Party disputing the designation shall serve counsel for Steadfast and the Reinsurer(s) and/or Guy Carpenter a written notice specifically identifying the challenged designation and the factual and legal basis for the challenge.  Steadfast, the Reinsurer(s) and/or Guy Carpenter shall have 10 business days from the date of receipt of the notification to respond to the challenge.  If Steadfast, the Reinsurer(s) and/or Guy Carpenter does not respond in writing to the written notice of challenge of designation, then the Party seeking to remove the designation may request relief from the Court upon notice to counsel for all parties and the

Reinsurer(s) and/or Guy Carpenter. Until the Court resolves the dispute, all materials designated as "Confidential" shall be treated according to their designation. The party in whose favor such application or motion is resolved by the Court may, in the Court's discretion, be entitled to recover attorneys' fees and costs incurred in connection with such application or motion; except that, with respect to the United States, attorneys' fees against the United States may only be awarded in accordance with applicable federal law.

10.     In the event that any Party desires that information designated as "Confidential" be disclosed, communicated, discussed, or made available to any person not otherwise authorized by this Confidentiality Agreement, the Party wishing to disclose, communicate, discuss, or make available such information must submit to counsel for Steadfast and the Reinsurer(s) and/or Guy Carpenter a written notice specifically identifying the information to be disclosed, and the name, title, and business relationship of the persons to whom counsel wishes to make such disclosure.  Steadfast and the Reinsurer(s) and/or Guy Carpenter shall have 10 business days from the date of receipt of the notification to object to the disclosure to any person identified therein.  If Steadfast, the Reinsurer(s) and/or Guy Carpenter does not respond in writing to the written notice of disclosure within 10 business days after receipt thereof, the persons named in the notice, subject to the terms and conditions of this Confidentiality Agreement, shall be entitled to receive the information specified in the notice, but no other materials subject to this Confidentiality Agreement.  If Steadfast, the Reinsurer(s) and/or Guy Carpenter responds and objects to the disclosure request, and the parties subsequently are unable to agree on the terms and conditions of the requested disclosure, the Party seeking disclosure may file a motion with the Court, served on counsel for all other Parties, Steadfast, the Reinsurer(s) and/or Guy Carpenter, setting forth the basis for seeking such disclosure, in which case, the requested disclosure shall only be made upon such terms as the Court shall provide.

11.     A copy of this Agreement, together with the Acknowledgment agreeing to be bound by its terms in the form annexed hereto as Exhibit A, shall be delivered to each person identified in Paragraphs 7 and 10 above to whom disclosure of Confidential Information will be

made.  The provisions of this Agreement shall be binding upon each such person to whom disclosure is made.  Counsel disclosing the information to an authorized person under Paragraphs 7 and 10 above shall obtain and retain a signed copy of said Acknowledgement before any such person receives any Confidential Information.

12. A Receiving Party shall not use any Confidential Information for any purpose not set forth in this Agreement without Steadfast's and the Reinsurer(s)'s and/or Guy Carpenter's express prior written consent.  The provisions of this Agreement, specifically including Paragraph 7, shall not be construed as preventing any disclosure or use of Confidential Information by Steadfast, the Reinsurer(s) and/or Guy Carpenter in any way.

13. Before filing with the Court any pleading, motion, application, memorandum of law, or other paper that in any manner quotes, paraphrases, attaches as an exhibit or otherwise discloses information that has been designated by the Reinsurers and/or Guy Carpenter as Confidential Information pursuant to this Agreement, the Party that intends to file such pleading, motion, application, memorandum of law or other paper, shall do so under seal or provide counsel for Steadfast and the Reinsurer(s) and/or Guy Carpenter 10 days prior written notice specifically identifying the Confidential Information intended to be disclosed so that Steadfast may make a sealing application to the Court if Steadfast deems that necessary.

14. The inadvertent production of information or documents by the Reinsurers and/or Guy Carpenter to any Party for inspection and copying shall not itself be deemed to waive any claim of attorney-client privilege, or attorney work product protection that might exist with respect to such document or other documents or communication, written or oral, including without limitation, other communications referred to in the documents or information produced.

15. In the event any Party is served with a subpoena or order requiring the disclosure of Confidential Information, the recipient of the subpoena or order will provide immediate notice to Steadfast, the Reinsurer(s) and/or Guy Carpenter through their counsel.

The recipient of the subpoena or order shall not object to Steadfast's, the Reinsurer(s)'s and/or Guy Carpenter's appearance to protect its interest in maintaining the information as confidential. The recipient of the subpoena or order will not respond to any such subpoena or order until Steadfast, the Reinsurer(s) and/or Guy Carpenter have a reasonable opportunity to seek appropriate relief from the Court, including but not limited to, a motion for a protective order; however, nothing in this paragraph shall preclude the recipient of a subpoena from complying with the subpoena or a court order to produce should Steadfast, the Reinsurer(s) and/or Guy Carpenter not secure relief from the Court by the last day the recipient has to comply with the subpoena or order.

16.  The Parties, Reinsurers and Guy Carpenter recognize that agencies of the United States, including the Navy and the Department of Justice, are subject to the provisions of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and its associated regulations, and may receive a request for information or documents pursuant thereto. Agencies of the United States may also receive requests from Congress.  Pursuant to 28 C.F.R. § 16.8, the Department of Justice agrees to notify Steadfast of any FOIA request in which the disclosure of Confidential Information may be compelled, and to afford Steadfast, the Reinsurer(s) and/or Guy Carpenter the timely opportunity to seek a protective order or to take such other legal action to preserve the confidentiality of Confidential Information as Steadfast, the Reinsurer(s) and/or Guy Carpenter may deem appropriate.

17.  Upon Steadfast's, the Reinsurer(s)'s and/or Guy Carpenter's request, all materials designated as "Confidential," and all copies thereof, shall be either destroyed or returned to the Reinsurers and/or Guy Carpenter, per Steadfast's. the Reinsurer(s)'s and/or Guy Carpenter's instructions, within 120 days after the conclusion of this litigation, including any appeals (the "Destruction Period"). Counsel for the Receiving Parties shall certify in writing to counsel for Steadfast, the Reinsurer(s) and/or Guy Carpenter that said materials have been destroyed or returned per Steadfast's, the Reinsurer(s)'s and/or Guy Carpenter's instructions, or otherwise disposed of as ordered by the Court, within thirty

1  (30) days after the Destruction Period.
2      18.     The Reinsurers and/or Guy Carpenter may waive a previously-made
3  Confidential Information designation by notifying all Receiving Parties in writing in a
4  manner that reasonably identifies the material at issue and providing each of the Receiving
5  Parties new copies of the material with the CONFIDENTIAL designation removed.  The
6  Receiving Parties shall then destroy the materials originally produced and replace them
7  with the new copies.
8      [*Signature Page to Follow*]

| | |
|---|---|
| Dated: December 20, 2016 | AGREED: |
| | /s/ Dale H. Oliver as authorized 12/20/2016 |
| | Dale H. Oliver |
| | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** |
| | Attorneys for Steadfast Insurance Company |
| Dated: December 20, 2016 | AGREED: |
| | /s/ Ryan Werner |
| | Ryan Werner |
| | **PENNINGTON LAWSON LLP** |
| | Attorneys for Lennar Mare Island, LLC |
| Dated: December 20, 2016 | AGREED: |
| | /s/ Amanda Hairston as authorized 12/20/2016 |
| | Amanda Hairston |
| | **FARELLA BRAUN + MARTEL LLP** |
| | Attorneys for CH2M HILL Constructors, Inc. |
| Dated: December 20, 2016 | AGREED: |
| | /s/ J. Taylor McConkie as authorized 12/20/2016 |
| | J. Taylor McConkie |
| | **UNITED STATES DEPARTMENT OF JUSTICE** |
| | Attorneys for the United States |

Dated: _____, 2016                    AGREED:

_____

On Behalf of General Reinsurance Corporation

Dated: _____, 2016                    AGREED:

_____

On Behalf of Odyssey Reinsurance Corporation

Dated: _____, 2016                    AGREED:

_____

On Behalf of Swiss Re America Holding Corporation

Dated: _____, 2016                    AGREED:

_____

On Behalf of Transatlantic Reinsurance Company

Dated: _____, 2016                    AGREED:

_____

On Behalf of Guy Carpenter & Company, LLC

1 **ORDER**

2 **IT IS SO ORDERED:**

3 Dated: December 22, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE