PENNINGTON LAWSON LLP
Ryan L. Werner (State Bar No. 112181)
44 Montgomery Street, Suite 2400
San Francisco, CA 94104
Tel: (415) 484-4343

Counsel for Plaintiff,
LENNAR MARE ISLAND, LLC

NEWMEYER & DILLION LLP
Gregory L. Dillion (State Bar No. 93712)
Alan H. Packer (State Bar No. 124724)
1333 N. California Blvd., Suite 600
Walnut Creek, CA 94596
Tel: (925) 988-3200

Co-Counsel for Plaintiff,
LENNAR MARE ISLAND, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| LENNAR MARE ISLAND, LLC, | CASE No. 2:12-cv-02182-KJM-KJN |
|---|---|
| Plaintiff, | CASE No. 2:16-CV-00291-KJM-KJN |
| vs. | |
| STEADFAST INSURANCE COMPANY, | STIPULATED CONFIDENTIALITY AGREEMENT; ~~PROPOSED~~ ORDER |
| Defendant. | |
| AND RELATED COUNTERCLAIMS. | |
| LENNAR MARE ISLAND, LLC, | |
| Plaintiff, | |
| vs. | |
| STEADFAST INSURANCE COMPANY, | |
| Defendant. | |

STIPULATED CONFIDENTIALITY AGREEMENT; ~~PROPOSED~~ ORDER       Page 1

# CONFIDENTIALITY AGREEMENT

1. Plaintiff and Counterdefendant Lennar Mare Island, LLC ("LMI"), Defendant, Counterclaimant and Counterdefendant Steadfast Insurance Company ("Steadfast"), Counterdefendant and Counterclaimant CH2M HILL Constructors, Inc. ("CH2M HILL"), and Intervenor United States of America ("United States") enter into this Confidentiality Agreement for the purpose of assuring the confidentiality and protection of certain information that may be disclosed by Steadfast.

2. As used in this Confidentiality Agreement ("Agreement"), the following terms have the following meanings for the purposes of this Agreement:

   a. "Confidential Information" means those portions of the material or information from the Production that are designated Steadfast as confidential pursuant to this Agreement;

   b. "Party" or "Parties" means one or more of the parties to this litigation;

   c. "Production" means only those documents that are produced by Steadfast in this litigation in response to LMI's Requests for Inspection Nos. 44 and 45 to the Fifth Set of Requests for Inspection served by LMI on November 3, 2015, in response to LMI's Request for Inspection No. 125 to the Sixth Set of Requests for Inspection served by LMI on September 29, 2016, and all documents Steadfast has identified on its privilege log as responsive to requests for inspection but withheld or redacted on grounds of "reinsurance information."

3. Steadfast contends that the Production contains confidential commercial information of a proprietary nature.

4. The purpose of this agreement is to protect confidential information contained in the Production.

5. To designate any page of the Production as Confidential Information subject to protection under this Agreement, Steadfast shall mark that page with the word CONFIDENTIAL at the time of production.

6. The Receiving Parties shall keep Confidential Information in a manner reasonably calculated to preserve the confidentiality of that material.

7. Confidential Information that is disclosed by Steadfast during the course of this litigation:

 a. shall only be used by the Receiving Parties, their counsel, any independent expert witnesses, advisors and consultants retained by a Party in connection with the prosecution and defense of this litigation and for no other purpose;

 b. shall not be published to the general public in any form by any Party, their counsel, or any independent expert witnesses, advisors and consultants retained by a Party to this litigation, nor used by any Party, their counsel, or any independent expert witnesses, advisors and consultants retained by a Party for any business or commercial purpose; and

 c. may be disclosed by counsel for any of the Parties only to the following persons insofar as it is reasonably necessary to the prosecution or defense of this litigation:

  i. attorneys for any of the Parties, including in-house counsel who are participating or assisting in the conduct of this litigation, and their employees and contractors who are working under such attorneys' supervision;

  ii. any current or former director, officer, employee, or agent of a Party who is involved in the prosecution or defense of this litigation, including anyone responsible for the supervision or settlement of this litigation;

  iii. Party or independent expert witnesses, advisors and consultants retained by a Party in connection with this litigation, and their employees and contractors who are working under their supervision;

  iv. Party witnesses whose statement or testimony (whether at deposition or trial) is taken in this action, including during preparation for giving testimony;

  v. the Court, its personnel, and any trier of fact;

  vi. court reporters or stenographers engaged to record deposition testimony, and their employees;

  vii. deposition witnesses at the time of deposition, in which case the Party seeking to use the Confidential Information must take appropriate measures to ensure that the relevant portions of the deposition and deposition exhibits are marked

|   |   |   |
|---|---|---|
| 1 |  | Confidential; |
| 2 | viii. | witnesses at trial; |
| 3 | ix. | commercial photocopy, imaging, and document management services, solely to the extent reasonably necessary for the prosecution or defense of this action; and |
| 6 | x. | such other persons as may be authorized by agreement of the parties or by the Court upon motion of any Party pursuant to the provisions of Paragraph 10, below; |

however, nothing in this Agreement shall preclude a disclosure of Confidential Information to any person who offered, prepared, previously had legal access to, was an addressee of, received a copy of such information prior to the date of this Agreement, or participated in the creation, compilation or production of such information.

8. The United States agrees to protect the Confidential Information to the full extent allowed by federal law.  The United States shall use the Confidential Information only for purposes of this lawsuit, except that nothing in this Agreement shall affect the law enforcement, police and/or regulatory powers of the United States, including, without limitation, any rights, powers, claims or defenses the United States may have under federal or other law, including, without limitation, criminal, tax, fraud, antitrust, labor, False Claims Act, or environmental laws.

9. If any Party disputes the designation of information as "Confidential," the Party disputing the designation shall serve counsel for Steadfast a written notice specifically identifying the challenged designation and the factual and legal basis for the challenge.  Steadfast shall have 10 business days from the date of receipt of the notification to respond to the challenge.  If Steadfast does not respond in writing to the written notice of challenge of designation, then the Party seeking to remove the designation may request relief from the Court upon notice to counsel for all parties. Until the Court resolves the dispute, all materials designated as "Confidential" shall be treated according to their designation. The party in whose favor such application or motion is resolved by the Court may, in the Court's discretion, be entitled to recover attorneys' fees and costs incurred in connection with such application or motion; except that, with respect to the United States, attorneys' fees against the

1 United States may only be awarded in accordance with applicable federal law.

2     10.    In the event that any Party desires that information designated as "Confidential" be
3 disclosed, communicated, discussed, or made available to any person not otherwise authorized by this
4 Confidentiality Agreement, the Party wishing to disclose, communicate, discuss, or make available
5 such information must submit to counsel for Steadfast a written notice specifically identifying the
6 information to be disclosed, and the name, title, and business relationship of the persons to whom
7 counsel wishes to make such disclosure.  Steadfast shall have 10 business days from the date of
8 receipt of the notification to object to the disclosure to any person identified therein.  If Steadfast does
9 not respond in writing to the written notice of disclosure within 10 business days after receipt thereof,
10 the persons named in the notice, subject to the terms and conditions of this Confidentiality
11 Agreement, shall be entitled to receive the information specified in the notice, but no other materials
12 subject to this Confidentiality Agreement.  If Steadfast responds and objects to the disclosure request,
13 and the parties subsequently are unable to agree on the terms and conditions of the requested
14 disclosure, the Party seeking disclosure may file a motion with the Court, served on counsel for all
15 other Parties, setting forth the basis for seeking such disclosure, in which case, the requested
16 disclosure shall only be made upon such terms as the Court shall provide.

17     11.    A copy of this Agreement, together with the Acknowledgment agreeing to be bound by its
18 terms in the form annexed hereto as Exhibit A, shall be delivered to each person identified in Paragraphs 7
19 and 10 above to whom disclosure of Confidential Information will be made.  The provisions of this
20 Agreement shall be binding upon each such person to whom disclosure is made.  Counsel disclosing the
21 information to an authorized person under Paragraphs 7 and 10 above shall obtain and retain a signed
22 copy of said Acknowledgement before any such person receives any Confidential Information.

23     12.    A Receiving Party shall not use any Confidential Information for any purpose not
24 set forth in this Agreement without Steadfast's express prior written consent.  The provisions of this
25 Agreement, specifically including Paragraph 7, shall not be construed as preventing any disclosure or
26 use of Confidential Information by Steadfast in any way.

27     13.    Before filing with the Court any pleading, motion, application, memorandum of law,
28 or other paper that in any manner quotes, paraphrases, attaches as an exhibit or otherwise discloses

STIPULATED CONFIDENTIALITY AGREEMENT; ~~PROPOSED~~ ORDER     PAGE 1

information that has been designated by Steadfast as Confidential Information pursuant to this Agreement, the Party that intends to file such pleading, motion, application, memorandum of law or other paper, shall do so under seal or provide counsel for Steadfast 10 days prior written notice specifically identifying the Confidential Information intended to be disclosed so that Steadfast may make a sealing application to the Court if Steadfast deems that necessary.

14. The inadvertent production of information or documents by Steadfast to any Party for inspection and copying shall not itself be deemed to waive any claim of attorney-client privilege, or attorney work product protection that might exist with respect to such document or other documents or communication, written or oral, including without limitation, other communications referred to in the documents or information produced.

15. In the event any Party is served with a subpoena or order requiring the disclosure of Confidential Information, the recipient of the subpoena or order will provide immediate notice to Steadfast through their counsel. The recipient of the subpoena or order shall not object to Steadfast's appearance to protect its interest in maintaining the information as confidential. The recipient of the subpoena or order will not respond to any such subpoena or order until Steadfast has a reasonable opportunity to seek appropriate relief from the Court, including but not limited to, a motion for a protective order; however, nothing in this paragraph shall preclude the recipient of a subpoena from complying with the subpoena or a court order to produce should Steadfast not secure relief from the Court by the last day the recipient has to comply with the subpoena or order.

16. The Parties recognize that agencies of the United States, including the Navy and the Department of Justice, are subject to the provisions of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and its associated regulations, and may receive a request for information or documents pursuant thereto.  Agencies of the United States may also receive requests from Congress.  Pursuant to 28 C.F.R. § 16.8, the Department of Justice agrees to notify Steadfast of any FOIA request in which the disclosure of Confidential Information may be compelled, and to afford Steadfast the timely opportunity to seek a protective order or to take such other legal action to preserve the confidentiality of Confidential Information as Steadfast may deem appropriate.

17. Upon Steadfast's request, all materials designated as "Confidential," and all copies

1 thereof, shall be either destroyed or returned to Steadfast, per Steadfast's instructions, within 120
2 days after the conclusion of this litigation, including any appeals (the "Destruction Period"). Counsel
3 for the Receiving Parties shall certify in writing to counsel for Steadfast that said materials have been
4 destroyed or returned per Steadfast's instructions, or otherwise disposed of as ordered by the Court,
5 within thirty (30) days after the Destruction Period.

6     18.     Steadfast may waive a previously-made Confidential Information designation by
7 notifying all Receiving Parties in writing in a manner that reasonably identifies the material at issue
8 and providing each of the Receiving Parties new copies of the material with the CONFIDENTIAL
9 designation removed.  The Receiving Parties shall then destroy the materials originally produced and
10 replace them with the new copies.

11     [*Signature Page to Follow*]

Dated: January 13, 2017        AGREED:

    /s/ Ryan L. Werner
Ryan Werner
**PENNINGTON LAWSON LLP**
Attorneys for Lennar Mare Island, LLC

Dated: January 13, 2017        AGREED:

/s/ Dale H. Oliver as authorized 1/13/2017
Dale H. Oliver
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Attorneys for Steadfast Insurance Company

Dated: January 13, 2017        AGREED:

/s/ Amanda Hairston as authorized 1/13/2017
Amanda Hairston
**FARELLA BRAUN + MARTEL LLP**
Attorneys for CH2M HILL Constructors, Inc.

Dated: January 13, 2017        AGREED:

/s/ J. Taylor McConkie as authorized 1/13/2017
J. Taylor McConkie
**UNITED STATES DEPARTMENT OF JUSTICE**
Attorneys for the United States

**ORDER**

**IT IS SO ORDERED:**

Dated: January 18, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE