UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENNAR MARE ISLAND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> STEADFAST INSURANCE COMPANY, et al., <br><br> Defendants. | No. 2:12-cv-2182-KJM-KJN |
| LENNAR MARE ISLAND, LLC, <br><br> Plaintiff, <br><br> v. <br><br> STEADFAST INSURANCE COMPANY, <br><br> Defendant. | No. 2:16-cv-0291-KJM-KJN <br><br><br> ORDER |

On April 6, 2017, these cases were before the undersigned to address Lennar Mare Island, LLC's ("Lennar") motion to compel Steadfast Insurance Company ("Steadfast") to produce un-redacted copies of certain reinsurance documents. (ECF No. 477 in 2:12-cv-2182; ECF No. 107

1

1  in 2:16-cv-0291.)[1]  Also before the court was Steadfast's motion to compel Lennar to provide
2  further responses to Steadfast's Interrogatory Numbers 11 through 22.  (ECF No. 478 in 2:12-cv-
3  2182; ECF No. 108 in 2:16-cv-0291.)[2]  The court and the parties also addressed whether any
4  issues remained with regard to the parties' previous discovery dispute regarding the depositions
5  of John Hatch and Steve Mahoney.  Attorney Morgan Tovey appeared on behalf of Steadfast.[3]
6  Attorney John Purcell appeared telephonically also on behalf of Steadfast.  Attorneys Alan Packer
7  and Ryan Werner appeared telephonically on behalf of Lennar.  Attorneys Johnathan Jacobson
8  and Mitchell Zeff appeared telephonically on behalf of intervenor plaintiff United States.
9  Attorney Amanda Hairston appeared telephonically on behalf of counterclaimant/counter
10  defendant CH2M Hill Constructors, Inc.

Based on Steadfast's and Lennar's motions and the parties' joint statements regarding these discovery disputes, other relevant filings, and oral arguments, and for the reasons discussed below and on the record during the hearing, IT IS HEREBY ORDERED that:

1. Lennar's motion to compel (ECF No. 477 in 2:12-cv-2182; ECF No. 107 in 2:16-cv-0291) is GRANTED.[4]  As the court noted during the hearing, Steadfast does not need to actually produce un-redacted copies of the reinsurance documents Lennar seeks through its motion because Lennar already has un-redacted copies of such documents as a result of the third-party insurers' productions in response to the subpoenas Lennar served on those third parties.[5]

---

[1] The motions filed in each action are identical.

[2] The motions filed in each action are identical.

[3] After the hearing, the parties requested the court to schedule an informal telephonic discovery conference to address their remaining issues relating to these depositions.  The requested telephonic conference will be set by a separate minute order.

[4] The court grants Lennar's motion based on its finding that Steadfast has waived any claim of attorney-client privilege or work product immunity it may have with regard to the information contained in the reinsurance documents at issue because the third-party reinsurers have already produced copies of those very same documents to Lennar without any redactions.

[5] To the extent that Lennar does not already have un-redacted copies of such documents, it **may**

2. Steadfast's motion to compel (ECF No. 478 in 2:12-cv-2182; ECF No. 108 in 2:16-cv-0291) is GRANTED IN PART, and DENIED IN PART:

   a. Steadfast's motion is GRANTED to the extent it seeks to compel Lennar to provide a further, substantive response to Interrogatory Number 11, but only insofar as that request seeks Lennar's contention in Paragraph 27 of the first amended complaint it filed in Case No. 2:16-cv-0291 that the tendered claim it refers to in subpart (s) of Paragraph 24 of that same pleading "[is] covered under the terms of the ELI Policy."[6] Lennar shall provide its full, substantive response to this narrowed interrogatory request within 14 days of the date of this order.[7]

   b. Steadfast's motion is DENIED in all other respects.

3. This order resolves the motions to compel filed at ECF Nos. 477 and 478 in Case No. 12-cv-2182, and ECF Nos. 107 and 108 in Case No. 2:16-cv-0291.

IT IS SO ORDERED.

Dated: April 6, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

KJN/amd

---

**not** seek to compel Steadfast to produce such documents without redactions pursuant to this order. As discussed during the hearing, fact discovery in both actions will close on April 7, 2017, and the court will not grant any further extensions of that deadline beyond the extensions it has granted for the limited purposes set forth in both this order and prior orders. The court finds that ordering Steadfast to produce un-redacted copies of such a large volume of documents, many or all of which Lennar already has access to in un-redacted form, would be unduly burdensome under the circumstances.

[6] Subpart (s) of Paragraph 24 refers to "[u]nknown pollution condition claims requiring LUC recordation (various claims)." (ECF No. 9 in 2:16-cv-291.)

[7] The undersigned also extends the discovery deadline in these matters accordingly for the limited purpose of permitting Lennar to respond to Steadfast's narrowed interrogatory within that timeframe.